**SEJECK v. SINGER MFG. CO.**
Civ. A. No. 9752.

United States District Court
D. New Jersey.
July 6, 1953.

· Nathan Baker, Newark, N. J., for plaintiff.

Minard, Cooper, Gaffey & Webb, Newark, N. J., by Ralph E. Cooper, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

Plaintiff has appealed from the verdict for defendant in the third trial of the above-entitled cause, the trial having lasted for two weeks or more, with a consequent record of substantial size. Plaintiff applies for leave to proceed in forma pauperis under Fed.Rules Civ.Proc. rule 75(m), 28 U.S.C.A. and Title 28 U.S.C.A. § 1915. This application defendant opposes, on two grounds, (1) that plaintiff is not a pauper, (2) that the appeal "is not taken in good faith", as required by the statute.

As to the first ground, defendant alludes to the facts (a) that plaintiff is joint owner with his wife of a house in Brooklyn, N. Y., in which there is a substantial equity, and (b) that plaintiff's attorneys have the case on a contingency, and therefore are directly interested in the appeal, equivalent to part plaintiffs, and that they are not paupers. It further appears, however, that plaintiff and his wife are both unable to work, and live solely on the rental of nine furnished rooms in the house, a sum less than $1,000 a year net, and have practically no other assets. Thus plaintiff is not wholly destitute but if the house had to be sold to pay for the costs of the appeal, he might well become a public charge.

It was for exactly this reason that in passing on this very situation the Court said, in Adkins v. DuPont, 1948, 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43, "To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the

category of public charges. * * * We think a construction of the statute achieving such consequences is an inadmissible one." As to the contingent arrangement with plaintiff's attorneys, as requiring them to show that because of poverty they could not pay the costs, the Court, in Adkins, says, "We think the statute imposes no such burden on a lawyer who is to share in the recovery through contract by reason of his legal services", 335 U.S. at page 340, 69 S. Ct. at page 90.

■ Turning to the merits, it is well settled that the words "in good faith" in the above statute substantially mean that the points on which the appeal is taken are reasonably arguable. If so, the appeal is taken "in good faith", and vice versa. Wheeler v. Reid, 1948, 84 U.S.App.D.C. 180, 175 F. 2d 829; Aylor v. U. S., 5 Cir., 1952, 194 F. 2d 968; Higgins v. Steele, 8 Cir., 1952, 195 F.2d 366.

■ Plaintiff here notes certain points of appeal, primarily two. He claims error occurred in admitting in evidence a certain experimental test performed on plaintiff's own machine in defendant's plant, using the very kind of tools plaintiff himself used, when he claims to have been injured, in performing the same operation, but in a different room, with the blower system cut off and with the operations performed, not by plaintiff, but by plaintiff's foreman. The Court refused to permit in evidence a further experimental test run by defendant after the accident, despite the fact that same had been permitted in evidence in a previous trial, because the Court felt the conditions were not proved to be substantially similar to those existing at the time of the accident. The Court permitted the instant test in evidence, because the lack of the blower system enured solely to plaintiff's benefit, and the other conditions seemed substantially similar to those existing at the time of the accident. But it is reasonably arguable that the individuals who performed the operation and certain other items were not identic, and so might perchance constitute sufficient dissimilarity to render such test inadmissible. Such is not this Court's view, but it is "reasonably arguable."

The other point on which plaintiff primarily relies is the fact that the Court, instead of conclusively ruling and charging the jury as to the effect of a certain pertinent State statute, N.J.S.A. 34:6–59, which provided that "The sizes of pipes and the air pressure * * * shall * * * conform to the best engineering practice", permitted testimony as to what was the best engineering practice. Thereupon, since same raised a fact question, it charged the jury to find the fact as to what was the best engineering practice, and then apply same to the statute as charged. While this, again, appears to this Court to have been the correct procedure, since the Court could not itself know what was the "best engineering practice", it is argued by plaintiff that, in so doing, the Court failed to apply the ordinary principle that the construction of a statute is for the Court alone. Perchance this, too, may be said to be reasonably arguable.

Thus, upon the points raised on the present motion papers, this Court finds (1) that plaintiff has the status of one who can apply to proceed in forma pauperis, and that (2) the appeal is "taken in good faith".

As stated above, the record in this case, particularly the transcript of the evidence, is substantial, because of the length of the trial. Under Rule 75(m) this Court may specify an economical manner to prepare and settle the record. This should be done. First, typewritten copies of the strict record may be used, instead of printed copies. The Clerk of the Court of Appeals of the Third Circuit will advise fully in this regard. Next, counsel can doubtless gather from their notes the points on which they desire to appeal, and what portions of the transcript of the trial must be used in support of same. Should there be uncertainty in this regard, fortunately the sound reporter system in use in this Court may be resorted to, before the reporter is asked to transcribe his notes.

To that end, counsel will confer together, and then with the Clerk of this Court, the Clerk of the Court of Appeals of the Third Circuit, and with the Court reporter of this Court, in order to complete the record in an economical manner.