**Robert L. COLE, Appellant,**

v.

**Lavern SMITH, Bernard Danner and Allen Vogel, Appellees.**

**No. 17737.**

United States Court of Appeals
Eighth Circuit.

May 7, 1965.

Rehearing Denied May 26, 1965.

Robert L. Cole, pro se.

Miles B. Zimmerman and James H. Manahan, of Gallagher, Farrish & Zimmerman, Mankato, Minn., for appellees.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellant, a prisoner in the Minnesota State Prison, was granted leave to file a complaint *in forma pauperis,* asserting a claim against appellees for damages under the Civil Rights Act, 42 U.S.C., § 1981 et seq.[1] Appellees are hospital aides, employed at the Minnesota Security Hospital, St. Peter, Minnesota. Four additional functionaries of that Hospital were also named as co-defendants in appellant's complaint, but, the District Court considered the allegations thereof to be so patently frivolous, leave was denied to assert any claim *in forma pauperis* against those parties. No review of that ruling is involved in this appeal.

At all times hereinafter related, appellant was under treatment at the Hospital above mentioned, having been transferred thereto for treatment from the State Prison at Stillwater, Minnesota, while serving a term of from ten (10) to eighty (80) years for accessory to robbery. After he was returned to the prison to serve out his term, appellant commenced this action. Appellees moved to dismiss the same on the grounds that the District Court lacked jurisdiction thereover; for failure of the complaint to state a cause of action for which relief could be granted; and because the allegations thereof were frivolous. A hearing was set on that motion. Appellant filed a petition for writ of habeas corpus ad testificandum to secure his presence at the hearing. This petition was denied, but the District Court did appoint counsel to represent appellant at the hearing. Thereafter, appellees' motion to dismiss this action on the ground of frivolousness was granted. (§ 1915 (d), Title 28, U.S.C.A.) Appellant, *pro se,* then filed a motion to amend or alter that judgment which was duly denied. He thereafter moved for leave to appeal *in forma pauperis.* The District Court granted him permission to file notice of appeal without payment of the filing fee, but denied his motion in all other respects and certified that the appeal was not taken in good faith, as provided in 28 U.S.C.A. § 1915(d).

In a memorandum attached to the last-mentioned order, District Judge Larson specifically noted that this action is basically one for "assault" and therefore appellant has "an adequate remedy in State Court and should pursue his claims there, and not in (the United States District) Court." He also noted that the original complaint "was not" in his opinion "brought in good faith and that it is both frivolous and malicious." Nevertheless, appellant subsequently applied to this Court for leave to perfect this appeal *in forma pauperis,* which was granted.

---

1. Appellant specifically alleges the operation of the following two sections:

    42 U.S.C. § 1983. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress."

    42 U.S.C. § 1985(3). "If two or more persons in any State or Territory conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured * * * may have an action for the recovery of damages * * *."

In his complaint *ante*, appellant sought damages totaling $1,600,000.00. He alleged appellees, "who were acting under color of hospital aides" by conspiracy and a pattern of cruel and abusive treatment and under color of state law, undertook to deny him certain specified constitutional rights. He alleged specific instances of maltreatment, including instances of assault by such aides, assertedly brought on, as he claims, by his demands to be allowed to petition the Governor of Minnesota, concerning conditions prevalent at the Hospital; which assaults he alleges have left him with scars, a partial loss of hearing, and a disfigured ear. He further asserted that he was kept in a "solitary cell" during a part of that time and he was refused medical treatment, even though he repeatedly made request therefor; that his personal belongings, including a petition for a writ of some sort, addressed to the United States District Court, were taken from his cell and confiscated. Thus, the gist of appellant's suit was one seeking to hold appellees liable for tortious conduct toward appellant, which he asserts gives rise to a federal right of action by virtue of the Civil Rights Act, supra.

■■ The leave granted by the District Court to commence this proceeding *in forma pauperis* was such as is authorized by 28 U.S.C. § 1915. The appointment of counsel to represent appellant, and subsequent dismissal as "frivolous and malicious" are within the ambit of § 1915(d), which provides: "The court may request an attorney to represent" an indigent person "and may dismiss the case * * * if satisfied that the action is frivolous or malicious." Such procedure is, of course, directed to the sound discretion of the District Court. (cf.) Higgins v. Steele, 195 F.2d 366 (8 Cir., 1952); Taylor v. Steele, 191 F.2d 852, 853 (8 Cir., 1951); Caviness v. Somers, 235 F.2d 455 (4 Cir., 1956); Weller v. Dickson, 314 F.2d 598 (9 Cir., 1963).

"* * * [W]hile persons who are unable to pay costs * * * should be allowed to prosecute or defend actions for the protection of their rights * * * they should not be allowed under the cover of the (above) statute to abuse the process of the court by prosecuting suits which are frivolous or malicious." (Par. added.) Fletcher v. Young, 222 F.2d 222, 224 (4 Cir., 1955).

Hence the procedure here followed by Judge Larson is the preferable manner of handling cases such as here, rather than simply denying permission in the first instance to file the same. The reason for this is, a complete record can thus be made in each case in an orderly fashion, both for the benefit of the District Court and this Court in the protection of any legal rights the petitioner may have. Oughton v. United States, 310 F.2d 803 (10 Cir., 1962); United States v. King, 322 F.2d 317 (3 Cir., 1963). Since such procedure was followed in the case at bar, it remains for us only to consider whether the District Court's conduct in subsequently dismissing this action was an abuse of judicial discretion.

■■ The Civil Rights Act *ante*, provides in pertinent part protection to an individual who is deprived of constitutionally protected rights under color of state law. It is now well settled that a right so violated must be a "federal right," i. e. a right protected by the Constitution or laws of the United States, for the violation of which a complaint may, in proper cases, be made under color of state law, rather than one arising from individual wrongs of private citizens one to another. Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Screws v. United States, 325 U. S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). However:

"The statutes (Civil Rights Act), while they granted protection to persons from conspiracies to deprive them of the rights secured by the Constitution and laws of the United States * * * did not have the effect of taking into federal control the protection of private rights

against invasion by individuals. * * * The protection of such rights and redress for such wrongs (is) left with the States." (Par. added.) Love v. Chandler, 124 F.2d 785 (8 Cir., 1942).

See also, Watkins v. Oaklawn Jockey Club, 183 F.2d 440 (8 Cir. 1950).

Therefore, the real matter for consideration by us in this appeal is whether the alleged assaults which appellant asserts were made upon him were of such nature as to deprive him of a constitutional right under color of state law, as opposed to assaults of a private nature by individuals, not constitutionally so protected. If the assaults as appellant here alleges did in fact occur, they could possibly be violative of some state law, but "the problem" confronting us "is not whether state law has been violated," but rather whether a constitutional right has been violated. Screws v. United States, 325 U.S., l. c. 108, ·65 S.Ct. l. c. 1038; Mueller v. Powell, 203 F.2d 797 (8 Cir., 1953).

The specific point here in issue was considered in United States, ex rel. Atterbury v. Ragen, 237 F.2d 953 (7 Cir., 1956). In that case a state prisoner alleged that he had been violently beaten, and that he had been punished excessively by solitary confinement, starvation, and deprivation of privileges. The Court, in a well-reasoned opinion, reviewed prior authorities to the effect that it is not the function of the federal courts to interfere with the wide discretion allotted state prison officials to maintain discipline in their institutions in compliance with the responsibilities imposed on them by state law. The Court there determined that the facts alleged did not present a cause of action under the Civil Rights Act, supra, stating: " * * * such charges of aggression by state prison officials and guards, in spite of the general assertion that they were acting under color of state law, do not state a claim upon which relief can be granted under the federal Civil Rights Act." 237 F.2d, l. c. 954, 955. We can only agree.

The same Court has stated that: " * * * prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts." United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105, 107 (7 Cir., 1953). See also, Siegel v. Ragen, 180 F.2d 785 (7 Cir., 1950); Knight v. Bibb, 250 F.2d 283 (7 Cir., 1957). In light of the above-cited authorities, it appears that the claim appellant asserts in his complaint is purely private action, not involving constitutionally protected rights; not actionable and enforceable in the federal courts merely because one party happens to be a state employee or official. State officials can only be held accountable under the Civil Rights Act, supra, in the federal courts for conduct and actions taken pursuant to their official duties and where a clear showing is made of a violation of some federal constitutional right. Some of the authorities previously considered hold that an assault by a law enforcement officer, in and of itself, does not raise an action under the Civil Rights Act, and, specifically, that alleged assaults by state prison officials, without any showing of a constitutional violation, are matters for consideration of internal prison discipline of interest solely to the state and actionable, if at all, in the state courts. We think those authorities are clearly applicable to the facts involved in the instant case.

There remains only for consideration appellant's further contention the alleged confiscation of a petition for a "writ" addressed to the District Court. There is no doubt that if appellant has a right to pursue a certain remedy in the courts, and enforcement of such right was wrongfully withheld, such would be a violation of his constitutional right of equal protection. (cf.) Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453 (1942); Dowd v. United States, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951). However, the instant case resembles Ortega v. Ragen, 216 F.2d 561 (7 Cir.,

1954), in that we are not here told what sort of relief was being sought in the confiscated petition. This makes it impossible for us to determine if appellant had any right, constitutional or otherwise, to here pursue initially. Regardless of this, it is evident that appellant has not been denied free access to the courts, as witness his presence here, as well as certain state court proceedings. State v. Tahash, 269 Minn. 1, 129 N.W.2d 903 (Minn., 1964). Because of its moot character, this ground has little substantiality and adds nothing to the merits of appellant's claim of error before us.

We find no abuse of discretion by District Judge Larson in the case at bar in dismissing appellant's complaint. Therefore, the judgment so ruling is affirmed.