**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SCHERER & SONS, INC., Respondent.**

**No. 22155.**

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1966.

Rehearing Denied April 13, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul Elkind, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Glen M. Bendixsen, Julius Rosenbaum, Attys., National Labor Relations Board, for petitioner.

Joseph A. Perkins, Miami, Fla., for respondent.

Before JONES and BROWN, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

■ The National Labor Relations Board, petitioner herein, entered its order directing that the respondent, Scherer & Sons, Inc., cease and desist from ordering, encouraging or otherwise inducing its employees to restrain a specified un-

ion or any other labor organization from peacefully engaging in lawful picketing at the premises of Scherer. The Board's order directed that Scherer cease and desist from interfering with, restraining or coercing its employees in the exercise of their right to self-organization and to post an appropriate notice. The question presented to this Court is whether substantial evidence on the record as a whole sustains the findings of the Board, and the conclusion that the conduct of Scherer as found by the Board constitutes a violation of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. We conclude that the evidence sustains the finding that Scherer ordered, encouraged and induced its employees to bring a suit to restrain the specified union from engaging in the picketing of Scherer's premises, and that such conduct is a violation of the Act. The portion of the Board's order directing Scherer to cease and desist from this conduct should be enforced.

■ There is no evidence to indicate that any labor union other than the one specified has undertaken to engage in picketing of the Scherer plant or that there is any likelihood of this occurring. There is no basis for the order requiring Scherer to cease and desist from any action with respect to any other union than the one which is designated in the order. There is nothing in the record to indicate that Scherer has or is likely to interfere with any organizational activity of its employees and there is no basis for that portion of the order directing it to cease and desist from interfering with organizational efforts of its employees. These portions of the order will not be enforced. N. L. R. B. v. Laney & Duke Storage Warehouse Co., Inc., 5th Cir. 1966, 369 F.2d 859, decided December 6, 1966. The order of the Board is modified by the deletion therefrom of the portions thereof relating to other unions than the one designated in the order and to interference with self-organization of Scherer's employees. As herein modified the order of the Board will be

Enforced.