Hal IRWIN, Appellant,

v.

R. H. BURSON et al., Appellee.

No. 24894.

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1967.

Rehearing Denied Feb. 6, 1968.

Hal Irwin, pro se.

Mathew Robins, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

██ Appellant, a prisoner in the Georgia penitentiary, has been making extended and extensive efforts to sue certain officials of the Georgia State prison system, including the prison doctor, for damages for personal injuries he claims to have sustained when he allegedly was x-rayed without his consent. In the action now on appeal, Irwin filed a petition in the United States District Court for the Northern District of Georgia. He alleged that he had been denied access to the Georgia State Courts (particularly in Fulton County) for the effective prosecution of his suit against the officials above mentioned. From the pro se pleadings, as well as letters written to the District Judge after he had denied relief, it is evident that the gravamen of Irwin's complaint is that he was not permitted to appear in person before the Georgia trial court for various hearings and that he could not ascertain the status of his case.

We have before us a copy of the twenty-nine page typewritten opinion, not yet officially reported, in the case of Irwin v. Arrendale, 159 S.E.2d 719, in which the Georgia Court of Appeals, on November 16, 1967, held that this prisoner has a right to pursue his damage suit against Dr. Arrendale, Medical Director of the Prison, in the State Courts. Any idea that this appellant might have been denied access to the Courts of Georgia is thus thoroughly dissipated.

██ In any event, we think the District Court committed no error in declining to permit the petition to be filed in *forma pauperis, Edgerly* v. Kennelly, 7 Cir., 1954, 215 F.2d 420, cert. den. 348 U.S. 938, 75 S.Ct. 359, 99 L.Ed. 735; Weller v. Dickson, 9 Cir., 1963, 314 F.2d 598.

Affirmed.

### ON PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.