**Vincente Gatica STARTTI, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 27798**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 12, 1969.

Vincente Gatica Startti, pro se.

---

**1116**

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges:

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

Appellant seeks reversal of a district court order denying permission to file his complaint in forma pauperis. We affirm.

Appellant, a Texas convict, had filed in the court below a petition for a writ of mandamus ordering prison authorities "to cease and desist" from the "cruel and unusual punishment with which he is being threatened." The district court denied the petition. This Court granted a certificate of probable cause.

Appellant alleges that while that appeal was pending, he attempted to file in the court below a petition for a writ of coram nobis and injunctive relief against prison officials. The clerk of court returned the petition unfiled for the reason that the petition asked for the same relief as that sought in the matter then on appeal; thus the petition was returned as being moot.

Appellant thereafter sought to file in forma pauperis the complaint involved in this appeal demanding money damages from the United States "for wrongs done" by the clerk of the district court in his capacity as an employee of the United States. The court below denied leave to file in forma pauperis, stating that the complaint was "insubstantial and devoid of merit."

■ There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious. 28 U.S.C. § 1915. It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit. Irwin v. Burson, 5 Cir. 1968, 389 F.2d 63; Gomez v. United States, 5 Cir. 1957, 245 F.2d 346. We perceive no abuse of this discretion on the part of the court below in refusing to allow appellant to proceed in forma pauperis. Accordingly, the judgment below is affirmed.

Affirmed.