Levon BROWN, Petitioner,

v.

L. E. DAGGETT, Warden, Federal Correctional Institution, Sandstone, Minnesota, Respondent.

Levon BROWN, Petitioner,

v.

James PAGE, Chairman, U. S. Board of Parole, et al., Respondent.

Nos. 71–1707, 71–1730.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1972.

Decided April 12, 1972.

Levon Brown, pro se.

Robert G. Renner, U. S. Atty. and Joseph M. Livermore, Asst. U. S. Atty., Minneapolis, Minn., made appearance for appellees in this Court. No brief was filed by counsel for appellees.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Levon Brown filed two petitions for writ of habeas corpus in the District Court. Both petitions were based upon substantially the same facts. The District Court denied relief in each case and Brown appealed. We have consolidated the appeals.

Brown has been incarcerated in the Federal Correctional Institution at Sandstone, Minnesota, on a five-year sentence for forgery. It appears from the record before us that Brown is also wanted in Wisconsin for parole violation. In August of 1971, the United States Board of Parole granted Brown a limited parole in order to permit him to dispose of the outstanding Wisconsin charge. Brown was taken by the Pine County, Minne-

1. The district court did not reach the question of consent and neither do we.

sota, Sheriff from Sandstone to Pine City, Minnesota, for delivery to Wisconsin authorities. Once in Pine City, Brown refused to submit to Wisconsin's custody. He was then returned to Sandstone and has remained there to the present time.

Brown contends that his return to Sandstone was illegal in that it was unauthorized by law and denied him the right to contest extradition. He also contends that he was entitled to the assistance of an attorney. The latter contention apparently stems from Brown's belief that his parole was revoked and he was, thus entitled to a hearing before he was returned to Sandstone.

■ We find no merit in any of these contentions. The Board of Parole has wide discretion to determine under what conditions an inmate is to be paroled. See, O'Callahan v. Attorney General, 338 F.2d 989 (1st Cir. 1964), cert. denied, 381 U.S. 926, 85 S.Ct. 1563, 14 L.Ed.2d 685 (1965); Gould v. Green, 78 U.S.App. D.C. 363, 141 F.2d 533 (1944). It is clear that the Parole Board may parole an inmate to the custody of detainers. Mingo v. United States, 350 F.2d 313 (10th Cir. 1965); Carson v. Executive Director, Department of Parole, 292 F.2d 468 (10th Cir. 1961).

■ Brown was paroled "to the physical custody of detainers only." Under this language, his parole was ineffective until the moment he was taken into physical custody by Wisconsin authorities. Since Brown's transfer to Wisconsin never occurred, the parole never became operative. *Cf.*, Small v. United States Board of Parole, 421 F.2d 1388 (10th Cir.), cert. denied, 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815 (1970).

Under this view of the case, we need not consider whether Brown was entitled to the services of an attorney or to a hearing. Since the parole never became effective, there was no revocation and thus no hearing was required. See, Morrissey v. Brewer, 443 F.2d 942 (8th Cir.), cert. granted, 404 U.S. 999, 92 S.Ct. 568, 30 L.Ed.2d 552 (1971).

Nothing we have said in this opinion should be construed to determine the right of any parolee, who has been paroled to something other than the custody of detainers only, to contest extradition.

The denial of the petitions for writ of habeas corpus is affirmed.