**Pete WARD et al., Plaintiffs,**

v.

**Stewart WERNER, Commissioner, Bureau of Corrections, et al., Defendants.**

**Civ. No. 73–704.**

United States District Court, M. D. Pennsylvania.

Jan. 10, 1974.

**MEMORANDUM OPINION**

HERMAN, District Judge.

The plaintiffs filed a joint complaint seeking leave to proceed in forma pau-

peris. On the face of the affidavits of poverty the plaintiff Ward alleges total assets of $7.00 in his prison account; plaintiff Ingram, assets of $65.00; and plaintiff Harris, assets of $50.00.

Without reaching the merits of the claim, this court is convinced that the plaintiffs Ingram and Harris fail to qualify as paupers within the meaning of 28 U.S.C. § 1915(a). Both plaintiffs have cash available in their prison accounts well in excess of the $15 required to commence their civil suits.

This court is mindful that poverty sufficient to qualify under § 1915 does not require penniless destitution. Adkins v. E. I. Du Pont De Nemours, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948). However, leave to proceed in forma pauperis is discretionary with the court; that discretion to be exercised so as not to deny a party access to the courts solely on account of financial standing. Proceeding in forma pauperis is a privilege, not a right. Shobe v. People of the State of California, 362 F.2d 545 (9th Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966).

There exists no fixed net worth which disqualifies a party as a pauper. United States v. Scharf, 354 F.Supp. 450 (E.D.Pa.1973); Carroll v. United States, 320 F.Supp. 581 (S.D.Tex.1970). Yet, the mere assertion of poverty does not serve as a substitute for indigency.

Therefore, this court views the test as to whether the party has sufficient funds that access to the courts is not blocked by a denial of the privilege to proceed in forma pauperis. Clearly, plaintiffs Ingram and Harris, through private funds, have an unimpaired avenue to the federal courts without financial assistance from the government. In accord with the Court's decision is Shimabuku v. Britton, 357 F.Supp. 825 (D.C.Kan.1973) which denied in forma pauperis standing to parties who had prison accounts of $315.31; $45.00; $51.27;

and $61.41. *See also,* United States v. Crawford, 54 F.R.D. 362 (D.C.Minn. 1973).

The matter was aptly stated in Carroll v. United States, *supra,* 320 F.Supp. at 582:

"Leave to so proceed should not be granted by the Court unless it reasonably appears that the cost of filing would be beyond petitioner's means. . . . [T]he category of persons entitled to the assistance of Section 1915 would not appear to include this petitioner, whose necessaries of life are provided by the United States [penitentiary] and whose liquid assets admittedly exceed the filing fee.

\* \* \* \* \* \*

"Having raised himself above penury, petitioner must now confront the initial dilemma which faces most other potential civil litigants: is the merit of the claim worth the cost of pursuing it?" *See also,* Green v. Cotton Concentration Co., 294 F.Supp. 34 (S. D.Tex.1968).

Plaintiff Ward presents a totally different situation. His $7.00 account falls short of the needed filing fee, clearly qualifying him to proceed in forma pauperis. The court has examined the complaint and finds nothing in it to justify the continued joinder of parties, whether or not all three qualify as indigent. The fact that two are not indigent necessitates striking their names from the complaint. To permit two financially able persons to proceed without cost by merely becoming barnacles on a bona fide indigent would be a substantial burden, especially where, as here, the joinder is not necessary.

The parties to the instant case fail to satisfy the requisites of joinder set down in Rule 19, Fed.R.Civ.P. The parties have claims stating similar grievances, but each would have to be separately adjudicated. Rule 21, Fed.R.Civ. P. requires this court to drop the mis-

joined parties, leaving those who qualify to continue. Because only one plaintiff meets the requisite standards to be adjudged a pauper, only that party may remain as a plaintiff.

Plaintiffs Ingram and Harris may be dropped without prejudice to themselves or to the plaintiff Ward. They need only each pay the filing fee to re-institute their claims.

An appropriate order will be entered.