**Eugene FORESTER, Appellant,**

v.

**The CALIFORNIA ADULT AUTHORITY, Appellee.**

**No. 74–1802.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1975.

Decided Jan. 30, 1975.

---

21. 355 F.2d 437, 438 (9th Cir. 1966).

Eugene Forester, pro se.

Dennis A. Schneider, Burleigh County State's Atty., Bismarck, N. D., for appellee.

Before MATTHES, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

Appellant, Eugene Forester, appeals the summary dismissal of his complaint and the denial of his motion for the appointment of counsel. Forester, an inmate at the North Dakota State Penitentiary, brought a civil rights action in

federal court[1] against The California Adult Authority in which he alleged that the Authority had caused a detainer to be lodged against him at the North Dakota penitentiary and that the Authority had reasserted its intention to return Forester to California for parole revocation proceedings following his release from the North Dakota penitentiary. The *pro se* complaint further alleged that a North Dakota official had promised him that he would not be returned to California, that while in California he had signed an extradition waiver under coercion, and that in any event parole violation is not an extraditable offense. Finally, he alleged that the detainer had "affected plaintiff's rehabilitation program here at the North Dakota Penitentiary and has caused him grievous loss." He sought monetary damages and an injunction to remove the detainer.

## I.

The District Court ordered the documents submitted by Forester to be filed without the payment of a filing fee, but denied his request for counsel and dismissed the complaint as patently frivolous.[2] 28 U.S.C. § 1915(a) provides in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or gives security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

The procedure to be followed where a complaint is filed in federal court along with a motion for leave to proceed in forma pauperis is directed to the sound discretion of the district court. Cole v. Smith, 344 F.2d 721, 723 (8th Cir. 1965); Conway v. Fugge, 439 F.2d 1397 (9th Cir. 1971). It is well settled, however, that where the requirements of 28 U.S.C. § 1915(a) are satisfied on the face of the documents and pleadings submitted, the better practice is for a district court to allow the action to be docketed without prepayment of costs and thereafter to dismiss it, if dismissal is appropriate, even though it may have been judicially determined earlier that the complaint did not state a claim upon which relief could be granted. Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); Campbell v. Beto, 460 F.2d 765, 768 (5th Cir. 1972); Higgins v. Steele, 195 F.2d 366, 369 (8th Cir. 1952); see Cole v. Smith, *supra;* Brown v. Schneckloth, 421 F.2d 1402, 1403 (9th Cir.), cert. denied, 400 U.S. 847, 91 S.Ct. 95, 27 L.Ed.2d 85 (1970); Stiltner v. Rhay, 322 F.2d 314, 317 (9th Cir. 1963), cert. denied, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964); Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962), cert. denied, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962); United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105, 107 (7th Cir. 1953). This procedure allows an adequate record to be made in an orderly fashion for the benefit of both the district court and this court, thereby protecting any legal rights the petitioner might have while sparing a respondent the burden of making a return or answer in a patently frivolous proceeding. *Compare* Cole v. Smith, 344 F.2d 721 (8th Cir. 1965), *with* Higgins v. Steele, 195 F.2d 366 (8th Cir. 1952).

This was the procedure followed by the District Court in this case. Accord-

---

1. The Honorable Bruce M. VanSickle, United States District Judge for the District of North Dakota.

2. 28 U.S.C. § 1915 provides in part:

 \* \* \* \* \* \*

 (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

ingly, our review is limited to whether the District Court's conduct in dismissing the action constituted an abuse of judicial discretion. Cole v. Smith, *supra,* 344 F.2d at 723; *see* Ivey v. Frost, 346 F.2d 115, 116 (8th Cir. 1965).

## II.

█ Contrary to Forester's contention, a parole violation is an extraditable offense. Brewer v. Goff, 138 F.2d 710 (10th Cir. 1943), and cases cited therein; Boothe v. State, 43 Ala.App. 119, 180 So.2d 450 (1965); Ex parte Summers, 40 Wash.2d 419, 243 P.2d 494 (1952); *see* State v. Parsells, 124 N.J.Super. 144, 305 A.2d 88 (1973).

█ Likewise, there is no merit in Forester's contention that he was promised by the North Dakota prosecutor that he would not be returned to California. We assume this allegation to be true for purposes of review of the summary dismissal, notwithstanding that it is disputed by counteraffidavits. Nevertheless it is clear that a promise which, if made at all, preceded Forester's arraignment and trial by jury was not a bargained plea and we accord such promise no weight.[3] Nor is any prejudice shown from any promise made following the conviction. Moreover, this is an action against The California Adult Authority, and there is no allegation that the North Dakota prosecutor was acting for the Authority; the alleged promise could not bind those in California charged with the decision to return Forester for parole revocation proceedings. This contention is patently frivolous.

█ Next, Forester alleges that while still in a California prison "the authorities compelled him to sign an extradition waiver prior to his release from prison, or remain in prison. *Therefore,* plaintiff signed said extradition waiver under duress, by force of coercion, causing grievous loss of plaintiff's constitutional rights to procedural due process." (Emphasis added). An analysis of this contention shows that Forester claims that conditioning his parole upon the execution of an extradition waiver was per se coercion. This is not the law. Parole is an act of grace and reasonable conditions may be imposed in connection therewith. In Brown v. Daggett, 458 F.2d 14 (8th Cir. 1972), we said "[t]he Board of Parole has wide discretion to determine under what conditions an inmate is to be paroled." In Morrissey v. Brewer, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972), the Supreme Court noted that "[t]he essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." While that case addressed conditions of parole which dealt with a parolee's life-style rather than conditions that might affect the procedure to be used in recalling him to prison should he violate his parole, a pardon conditioned upon an extradition waiver was explicitly upheld in In re Saucier, 122 Vt. 208, 167 A.2d 368 (1961). Nor has Forester demonstrated how such a condition was coercive as applied to him. His allegations are fatally conclusory.

In Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974), this court said:

> Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under § 1983. *Id.* at 1271 (citations omitted).[4]

█ Finally, the allegation that the detainer "affected" Forester's rehabilita-

---

3. Of course all agreements and promises that are part of plea bargaining should normally be incorporated into the record. People v. Selikoff, 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974); *see* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

4. *See* Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964) (mere assertion of deprivation of federal constitutional right is not sufficient to sustain federal jurisdiction). *See also* Wilson v. Lincoln Redevelopment Corp., 488 F.2d 339, 341 (8th Cir. 1973) (where allegations are conclusory in nature, the court has a duty to measure these allegations in light of the factual claims actually made).

tion program at the North Dakota penitentiary is conclusory and it likewise fails to state a claim upon which relief may be granted.

The District Judge followed the proper procedure; his order dismissing Forester's complaint is well supported by the law. We find no abuse of discretion here.

Affirmed.