Ex parte Melvin Leroy TYLER,
Petitioner.

No. 75–970C(3).

United States District Court,
E. D. Missouri, E. D.

Dec. 5, 1975.

As Amended Feb. 4, 1976.

Melvin Leroy Tyler, pro se.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon the petitioner's ex parte complaint seeking numerous legal remedies, such as a declaratory judgment, the appointment of a special federal prosecutor, and a set of interrogatories to be propounded to every Judge in this District. This action is the eighteenth, (18th) in a series of pro se actions that have been filed by the petitioner in this Court.[1]

---

1. The other actions filed by petitioner are: *Tyler v. Peterson, et al.,* No. 69 C 405; *Tyler v. Parks, et al.,* No. 69 C 319; *Tyler v. Parks, et al.,* No. 71 C 547; *Tyler v. Lark, et al.,* No. 70 C 588; *Tyler v. Swenson,* No. 70 C 320; *Tyler v. Swenson,* No. 72 C 654; *Tyler v. Parks,* 71 C 822(2); *Tyler v. Swenson,* No. 71 C 586; *Tyler v. Webster, Judge, et al.,* No. 73 C 251(2); *Tyler v. City Counselor's Office, et al.,* No. 73 66(1); *Tyler v. Kitchen, et al.,* No. 72 C

The actions of the petitioner in the instant lawsuit by propounding interrogatories to the Judges of this District clearly indicate that it is the intention of the petitioner to harass and obstruct this Court by the filing of numerous lawsuits. It is noteworthy that the petitioner has stated both by affidavit and letter that he would file numerous lawsuits each requesting a trial by jury unless the relief he sought was granted. The relevant affidavit stated that:

"Affiant swears that unless a restraining order is issue [sic] within the day this suit is filed, that he will file individual lawsuits for every piece of mail sent to Billy Joe Tyler asking for damages and jury trials on each *COUNT* seperately [sic]." [2]

The petitioner has also stated in a letter to this Court that:

"Because of you I have had to file numerous lawsuits that will waste the court's time and money." [3]

An examination of the complaint filed by petitioner in the present lawsuit indicates that it is facially frivolous. Essentially, the petitioner is alleging that a conspiracy exists between the Circuit Attorney for the City of St. Louis, and various other prosecutorial and law enforcement officials to deny him access to the courts. Petitioner has raised these allegations in the numerous other lawsuits filed. The case law implementing the provisions of 28 U.S.C. § 1915 clearly indicate that an in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts. *Urbano v. Sondern*, 41 F.R.D. 355 (D.C., Conn., 1966) *aff'd* 370 F.2d 13 (2d Cir., 1966) *cert. den.* 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596 (1966); *Startti v. U. S.*, 415 F.2d 1115 (5th Cir., 1969). Since the petitioner's complaint is clearly frivolous, he should not be allowed to proceed in forma pauperis under 28 U.S.C. § 1915.

Courts have repeatedly struck complaints which contained scurrilous, offensive and objectionable allegations against courts, prosecutors, and police officers. *Hohensee v. Watson*, 188 F.Supp. 941 (M.D.Penn., 1959); *Skolnick v. Hallet*, 350 F.2d 861 (7th Cir., 1965).

The petitioner's complaint is clearly within the ambits of Federal Rule of Civil Procedure 12(f) in that it contains immaterial, impertinent or scandalous matter in toto. Accordingly, this Court will order petitioner's complaint struck.

It is within this Court's powers inherent under 28 U.S.C. § 1651(a) that a litigant who seeks to use the forum of the Courts to harass the Courts and other potential parties, may be enjoined from filing any legal actions. *Ruderer v. United States*, 462 F.2d 897 (8th Cir., 1972), *cert. den.*, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972); *Ruderer v. Department of Justice*, 389 F.Supp. 549 (D.C.N.Y., 1974); *Adams v. American Bar Association*, 400 F.Supp. 219 (W.D. Penn., 1975); *Grismore v. Burger*, 75–59 (D.C.Utah, 1975); and *Afflerbach v. American Bar Association*, 401 F.Supp. 108 (D.C.Wyo., 1975).

The issuing of such an injunction should be carefully approached, since access to the Courts is one of the cherished freedoms of our system of government. However, the actions of the petitioner in this lawsuit, his previous lawsuits, his statements, affidavits and letters clearly indicate that his desire is to use the forum of this District as a vehicle for harassment. The Court has no choice but to enjoin the petitioner, Melvin Leroy Tyler, from filing any further actions within the Eastern District of Missouri with regard to any alleged conspiracy between

692(2); *Tyler v. Swenson*, 382 F.Supp. 1028; *Tyler v. Swenson*, No. 73 C 637; *Tyler v. Ryan, et al.*, No. 75 270 C(3); *Tyler v. Wyrick*, 405 F.Supp. 779(3); *Tyler v. Ryan, et al.*, No. 75 851 C(4); and *Tyler v. Ryan, et al.*, No. 75 819 C(4).

2. Affidavit filed in *Tyler v. Ryan, et al.*, No. 75–819 C(4). [Emphasis in original].

3. Letter from Melvin Leroy Tyler to Judge Wangelin regarding No. 75–270 C(3), October 28, 1975.

458

prosecutors, police officers and judges. In consequence,

IT IS HEREBY ORDERED that petitioner's complaint be and is stricken under the provisions of Federal Rule of Civil Procedure 12(f); and

IT IS FURTHER ORDERED that petitioner's action be and is DISMISSED as frivolous under the provisions of 28 U.S.C. § 1915; and

IT IS FURTHER ORDERED that the petitioner, Melvin Leroy Tyler, be and is forever enjoined from filing any action dealing with alleged police conspiracies against him complained of heretofore in any action previously filed in the Eastern District of Missouri pursuant to this Court's power under 28 U.S.C. § 1651(a).