**Melvin Leroy TYLER, Plaintiff,**

**v.**

**Richard CALLAHAN, Asst. Circuit Attorney, City of St. Louis, et al., Defendants.**

**No. 77–279C(4).**

United States District Court, E. D. Missouri, E. D.

April 7, 1977.

---

4. These figures are premised on affidavits submitted by counsel for plaintiff-intervenors.

Melvin L. Tyler, pro se.

Milt E. Harper, Pros. Atty., Columbia, Mo., for Milt Harper.

John F. Gillespie, Asst. Circuit Atty., St. Louis, Mo., for defendants Callahan, Ryan and Solomon.

James J. Gallagher, Associate City Counselor, St. Louis, Mo., for defendant Eichelberger.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of defendant Milt Harper, Prosecutor of Boone County, Missouri to dismiss plaintiff's complaint as to him. Plaintiff brought this suit, pursuant to 28 U.S.C. § 1343 in conjunction with 42 U.S.C. §§ 1983 and 1985 and the Fourteenth Amendment to the United States Constitution, seeking to recover monetary and injunctive relief for alleged violation of his constitutional rights. Named as defendants are Richard Callahan, Assistant Circuit At-torney for the City of St. Louis, Missouri; Brendan Ryan, former Circuit Attorney for St. Louis, Missouri; defendant Harper; George Solomon, Clerk of the Circuit Court of St. Louis, Missouri; and all unknown sheriffs, deputy sheriffs, jailers and police officers; and Detective Eichelberger of the Third District, St. Louis, Missouri.

Plaintiff alleges that all unknown sheriffs, deputy sheriffs, jailers, and police officers, acting under the direct orders of defendants Harper and Callahan, secretly confined plaintiff in maximum security cells, to conceal plaintiff from possible court actions and to prevent him from attaining effective representation of counsel. Plaintiff further alleges that he was arrested in Kansas City, Missouri on December 28, 1976; that he was turned over to the authorities in Boone County, Missouri and arraigned there on January 5, 1977; that he was then turned over to the St. Louis, Missouri authorities and arraigned there on January 11, 1977; that he was then turned over to the authorities in Columbia, Missouri, Platte County, Missouri and Jackson County, Missouri. He was again arraigned in St. Louis on March 3, 1977 and presently has charges pending in Platte County and St. Louis, Missouri. He further alleges that he filed an application for a writ of habeas corpus in each jurisdiction but that while such petitions were filed, defendants would move plaintiff from the jurisdiction of the Court to escape the effect of the writ. Plaintiff claims that these acts were done to deny plaintiff access to the courts. Plaintiff alleges that in each jail, he was held in maximum security. He claims he was denied complete access to the news media and was denied access to a law library and legal material. He claims that defendant Harper informed a judge of the Boone County Circuit Court that plaintiff had no cases pending in St. Louis, Missouri but that defendant was later forced to admit the existence of such charges. He contends that he was denied use of the telephone in St. Louis by defendant Eichelberger and that he was restricted in his visitation rights. He claims he was held in isolation without sunlight, access to fresh

air, proper and adequate showers, and that he was fed separately from the other prisoners.

Plaintiff contends that, because of the above, defendants have denied plaintiff access to the courts; defendants have used the criminal process to elude a civil action; defendants have instituted criminal charges against plaintiff to harass him and to deprive him of due process of the law; defendants have subjected him to cruel and unusual punishment by placing him in maximum security cells without a hearing, notice or the right to present evidence; defendants have violated plaintiff's rights under the First, Fifth, Sixth and Fourteenth Amendments by releasing prejudicial statements to the news media that all the police in Missouri hate plaintiff; the refusal of defendant Eichelberger to allow plaintiff to make a phone call deprived plaintiff of his due process and equal protection rights under the Fourteenth Amendment, and that the attempted murder on plaintiff's life by officers of the Third District was in violation of the Eighth and Fourteenth Amendments.

Plaintiff's numerous filings in both the state and federal courts belie his claim that defendants have denied him access to the courts. In addition, this claim of denial of access to the courts lead to an injunction against the filing of further suits alleging police conspiracies. See *Ex parte Tyler,* 70 F.R.D. 456 (E.D.Mo.1975), a suit in which plaintiff alleged a conspiracy between the Circuit Attorney for the City of St. Louis and various other prosecutorial and law enforcement officials to deny him access to the courts.

It is the Court's conclusion that plaintiff's complaint is frivolous and should be dismissed. 28 U.S.C. § 1915(d). His claim that defendants have used the criminal process to elude a civil action and that they have instituted criminal charges to deprive him of due process of the law is unsupported by the allegations of his complaint. He has presented writs of habeas corpus to various state courts and apparently none have been dismissed, notwithstand-

ing the allegedly unconstitutional actions of defendants. The Court is unable to conclude that the placement of plaintiff in maximum security cells is in and of itself cruel and unusual punishment and yet plaintiff has cited no facts to support such a conclusion. Plaintiff fails to supply the Court with any factual basis for his claim that defendants have released prejudicial statements to the news media; in fact, plaintiff fails to identify which defendants, if any, released the statements, or to identify the time or place at which such statements were allegedly made.

Under these circumstances, the Court will dismiss plaintiff's complaint without prejudice. Plaintiff should note, however, that access to the courts in forma pauperis is a privilege, not a right, and that such privilege should not be abused by filing claims unsupported by facts. *Cf., Urbano v. Sondern,* 41 F.R.D. 355 (D.C.Conn. 1966), *aff'd,* 370 F.2d 12 (2d Cir. 1966), *cert. denied,* 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596 (1966).