**In re Willis Donald SMITH, Petitioner.**

**No. 79–8090.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 20, 1979.

Decided June 26, 1979.

Willis Donald Smith, Sioux Falls, S. D., pro se.

Mark V. Meierhenry, Atty. Gen., Pierre, S. D., for Warden of the South Dakota Penitentiary. No appearance or briefs were filed by him.

Before LAY, HEANEY and ROSS, Circuit Judges.

LAY, Circuit Judge.

Petitioner, a prisoner in the South Dakota Penitentiary, sought to bring suit against the Warden of the penitentiary and others. The district court by letter dated April 27, 1979, informed petitioner that since he had $65.85 in his penitentiary account he was denied leave to proceed in forma pauperis and his complaint would not be filed until the $15.00 filing fee was paid.

On May 1, 1979, petitioner wrote this court that he then had less than $50.00 in his account and no income, and therefore he alleges his assets are insufficient to pay the filing fee, expenses of the United States Marshal's office for service, and attorney's fees. We have filed petitioner's letter as a petition for a writ of mandamus; petitioner requests that he be given leave to proceed in forma pauperis as "guaranteed by the Constitution under U.S.C.A. Title 28–1915."

■ Section 1915 is designed to enable impecunious persons to present their claims in federal court. We cannot accept a construction of this statute which conditions the presentation of possibly meritorious claims on the plaintiff's willingness to become completely destitute. In *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948), Justice Black wrote for a unanimous Court:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty "pay or give security for the costs . . . and still be able to provide" himself and dependents "with the necessities of life." To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the re-

sult seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.[1]

The only decision which provides direct support for the result reached by the district court in this case is *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa.1974). In that case the district court stated the "test" for determining eligibility under § 1915 is "whether the party has sufficient funds that access to the courts is not blocked by a denial of the privilege to proceed in forma pauperis." *Id.* at 640. Judge Herman's application of this "test" in *Ward* reveals that a prisoner, who is provided the necessities of life by the state, is "blocked" from court only if his financial resources are less than the required filing fee.[2] Most of the other cases which have denied leave to a petitioner to proceed in forma pauperis are distinguishable. In several of those cases the district court's denial of petitioner's motion to proceed in forma pauperis resulted from the determination that the complaint was frivolous. *See, e.g., Carter v. Thomas*, 527 F.2d 1332, 1333 (5th Cir. 1976); *Forester v. California Adult Authority*, 510 F.2d 58, 60 (8th Cir. 1975); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *Tyler v. Callahan*, 74 F.R.D. 421, 423 (E.D. Mo.1977), *aff'd without opinion*, 573 F.2d 1313 (8th Cir.), *cert. denied*, 436 U.S. 947, 98 S.Ct. 2851, 56 L.Ed.2d 788 (1978); *Ex parte Tyler*, 70 F.R.D. 456, 457 (E.D.Mo.1976). Clearly § 1915 was not enacted for the purpose of requiring the public to underwrite frivolous lawsuits. However, in this case, the district court did not pass upon the merits of the petition, but denied leave to

---

**1.** The petitioner in this case is already a public charge. "To that extent the letter, but certainly not the spirit of *Adkins* may be distinguishable." *Souder v. McGuire*, 516 F.2d 820, 823 n. 4 (3d Cir. 1975).

**2.** In justifying the refusal to allow two prisoners to proceed in forma pauperis, Judge Herman explained: "Both plaintiffs have cash available in their prison accounts well in excess

of the $15 required to commence their civil suits." 61 F.R.D. at 640. The plaintiffs had balances of $65 and $50 in their prison accounts. When "testing" the eligibility of the third plaintiff Judge Herman stated: "Plaintiff Ward presents a totally different situation. His $7.00 account falls short of the needed filing fee, clearly qualifying him to proceed in forma pauperis." *Id.*

proceed on the ground that petitioner had sufficient funds to pay the filing fee.

We cannot endorse a niggardly interpretation or application of § 1915 that so rigidly employs the filing fee as a talisman which demarcates paupers from those considered to have funds sufficient to be able to pay it.

■■■ Although we agree the district court must exercise its discretion in determining whether a petitioner qualifies as a pauper under § 1915, the exercise of such discretion should not be applied to deny access to the federal courts simply because of the plaintiff's ability to pay for small physical or material comforts. As the court stated in *Souder v. McGuire*, 516 F.2d 820 (3d Cir. 1975), in reversing a decision by Judge Herman denying leave to proceed in forma pauperis:

> [W]e do not think that prisoners must totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison or a mental hospital beyond the food, clothing, and lodging already furnished by the state. An account of $50.07 would not purchase many such amenities; perhaps cigarettes and some occasional reading material. These need not be surrendered in order for a prisoner or a mental patient to litigate in forma pauperis in the district court.[3]

*Id.* at 824.

It has long been established that a party need not be penniless in order to invoke forma pauperis. *Cf. Sejeck v. Singer Mfg. Co.*, 113 F.Supp. 281 (D.N.J.1953).

■■■ The petitioner's request to proceed in forma pauperis is granted and the case remanded to the district court for further proceedings.[4]

ROSS, Circuit Judge, dissenting.

I do not agree that the district court should be reversed in this case.

In civil matters there is no absolute right to proceed in forma pauperis, rather it is a privilege extended to those unable to pay filing fees when the action is neither malicious nor frivolous.[1] And the grant or denial of leave to proceed in forma pauperis is a matter committed to the sound discretion of the district court.[2]

Since the filing fee was $15.00 and petitioner had $66.85 in his penitentiary account, I cannot say that the district court abused its discretion in denying petitioner in forma pauperis status. *See Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa.1974) (district court held two prison inmates who had accounts of $50 and $65 were not entitled to proceed in forma pauperis with civil suit against prison officials, but one prisoner with $7 could so proceed since the filing fee was $15); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan.1973), *aff'd*, 503 F.2d 38 (10th Cir. 1974) (district court denied in forma pauperis standing to parties who had prison accounts of $315.31, $45.00, $51.27, and $61.41, respectively); *Carroll v. United States*, 320 F.Supp. 581 (S.D.Tex.1970) (plaintiff was denied in forma pauperis sta-

---

**3.** It is interesting to note that the plaintiff in *Souder* not only had an account balance of $50.07 but also received $15 every two weeks from his mother. Thus, the plaintiff who was determined to be a pauper in that case is considerably more affluent than petitioner since Smith stated in his affidavit that he has no income.

**4.** Our decision in no way precludes the district court from finding that Smith's claims are frivolous and therefore ordering a dismissal of his petition. *See Forester v. California Adult Authority*, 510 F.2d 58, 60 (8th Cir. 1975).

**1.** *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). *See also Carter v. Thomas*, 527 F.2d 1332, 1333 (5th Cir. 1976); *Tyler v. Calla-*

han, 74 F.R.D. 421, 423 (E.D.Mo.1977), *aff'd*, 573 F.2d 1313 (8th Cir.), *cert. denied*, 436 U.S. 947, 98 S.Ct. 2851, 56 L.Ed.2d 788 (1978); *Ex parte Tyler*, 70 F.R.D. 456, 457 (E.D.Mo.1976); *Rhodes v. Houston*, 258 F.Supp. 546, 578 (D.Neb.1966) (and cases cited therein), *aff'd*, 418 F.2d 1309 (8th Cir. 1969), *cert. denied*, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970).

**2.** *Forester v. California Adult Authority*, 510 F.2d 58, 60 (8th Cir. 1975) (and cases cited therein); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir.) (and cases cited therein), *cert. denied*, 419 U.S. 1090, 95 S.Ct. 683, 42 L.Ed.2d 683 (1974).

tus since he had $204.90 and the filing fee was $15).