HEANEY, Circuit Judge,
dissenting.
I respectfully dissent. I would affirm the district court’s well-reasoned opinion holding unconstitutional section 1915(g) of the PLRA, which requires a prisoner bringing a civil claim to pay a filing fee regardless of his ability to qualify for in forma pauperis status. As the majority points out, the district court based its holding on the fact that section 1915(g) violates Lyon’s equal protection rights by burdening Lyon’s fundamental right of access to the courts. There is no question that the provision does so. The purported purpose of section 1915(g) is to curtail the number of frivolous suits brought by prisoners by requiring that prisoners who have had three or more prior claims dismissed must pay court filing fees whether or not the prisoner qualifies for in forma pauperis status. Nonprisoners do not face such a requirement, nor does the provision differentiate between the sentences and circumstances of the individual prisoners who would file such claims.
The panel decision avoids this issue altogether by focusing instead on whether Lyon would be entirely bankrupted by paying the filing fee. The panel holds that a lack of complete impoverishment prevents Lyon from having standing to challenge the PLRA’s effect on his constitutional rights. The panel’s requirement that Lyon must be completely broke to have standing is simply not the law of our circuit, and such a requirement violates the same equal protection principles as section 1915(g) itself: if a nonprisoner may challenge a statute under in forma pauperis status, a prisoner should not have a higher burden (i.e., demonstrate complete destitution) to bring such a challenge. Lyon has clearly demonstrated that section 1915(g) has blocked his access to the courts to bring his religious practices claim: he qualified for in forma pauperis status as it is determined for nonprisoners; he attempted to bring a pro se action under 42 U.S.C. § 1983; and prior to Lyon’s challenge to the provision’s constitutionality, the court below dismissed the action pursuant to section 1915(g).
To show he suffered a “fairly traceable personal injury,” Lyon need not, as the majority suggests, spend his last nickel to bring the claim where nonprisoners face a less onerous requirement. We held in In re Williamson, 786 F.2d 1336 (8th Cir.1986), that even though an inmate is assured of the basic necessities of life at the state’s expense, “an inmate should not be denied in forma pauper-is status simply because he may be able to pay for some small physical and material comforts ... within the prison.” Id. at 1339. We based our holding in Williamson on the principle that “ ‘[w]e cannot accept a construction of [section 1915] which conditions the presentation of possibly méritorious claims on the plaintiffs willingness to become completely destitute.’ ” Id. at 1338 (quoting In re Smith, 600 F.2d 714, 715 (8th Cir.1979)); see also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948) (“We cannot agree ... that one must be absolutely destitute to enjoy the benefit of the [in forma pauperis] statute.”). Lyon has met his burden to show he has standing to challenge section 1915(g).
Lyon has also shown that section 1915(g) violates prisoners’ equal protection rights. Although it is true that the number of suits brought by prisoners has increased, there is no indication that the increase has significantly out-paced the increase in the number of people incarcerated in this country nor have the reasons for the increase in claims been established.[6] In any ease, prisoners continue to bring legitimate claims amid the large number of claims the courts dismiss as frivolous or failing to state a cognizable claim. See Hon. Jon O. Newman, Pro Se *767 Prisoner Litigation: Looking for Needles in Haystacks, 62 Brook. L.Rev. 519, 519-21 (1996) (citing important victories won by prisoners through judicial claims regarding prison conditions). In passing section 1915(g), members of Congress stated that the purpose of the provision is to require prisoners to pay for filing a lawsuit in the same way as nonprisoners. See, e.g., 141 Cong. Rec. S14611, 626 (daily ed. Sept. 29, 1995) (statement of Sen. Dole) (stating that section 1915(g) establishes procedures so that prisoners, “like law-abiding citizens, will have to pay the court fees associated with filing a lawsuit”). However, the provision has the opposite effect. Instead of being subjected to the same rules as nonprisoners, inmates who would otherwise qualify for in forma pauperis status must now pay the filing fees up front.
Although prisoners are not a suspect class for the purpose of determining the proper standard of equal protection review, access to the courts is a fundamental right[7] that remains with an individual even after incarceration. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir.1986). Although a prisoner forfeits some rights, a prisoner does not lose all of his rights. Id. Rather, the prisoner’s fundamental rights follow him “through the prison gate, and the walls do not foreclose his access to the courts to protect those rights.” Id. (citing Courtney v. Bishop, 409 F.2d 1185, 1187 (8th Cir.1969)). Lyon’s claim that he suffered a violation of his religious freedom is precisely the type of fundamental rights claim for which we have vigilantly guarded a prisoner’s access to the courts.
Because section 1915(g) affects a fundamental right, we must review the statute under a “strict scrutiny” standard. Stiles v. Blunt, 912 F.2d 260, 263 (8th Cir.1990). Under strict scrutiny, we uphold a classification only if it is narrowly drawn to serve a “compelling governmental interest.” Plyler v. Doe, 457 U.S. 202, 216-17, 102 S.Ct. 2382, 2395, 72 L.Ed.2d 786 (1982). The government must prove that it has a compelling interest in the classification it has selected. Stiles, 912 F.2d at 263. The government might show that curtailing the number of claims flooding the courts is a compelling government interest. Even so, it cannot show that the classification of potentially frivolous claims into “prisoner” and “nonprisoner” claims is necessary or even effective in addressing the problem. In this regard, the panel decision fails to explain the necessity in classifying prisoners like Lyon differently for the purpose of qualifying for in forma pauperis status. For these reasons I reject the panel opinion’s conclusion that Lyon is without standing to challenge section 1915(g), and I would affirm the district court’s determination that the provision is unconstitutional.

. A list of reasons for any increase in the number of complaints over a simple increase in the number of prisoners would likely include the high incidence of prison overcrowding, a lack of carcfully trained correctional officers, and inadequate and frequently unfair internal grievance procedures.

. See Wolff v. McDonnell, 418 U.S. 539, 578-79, 94 S.Ct. 2963, 2985-86, 41 L.Ed.2d 935 (1974).