UNITED STATES of America,
Appellee,

v.

Francis Peter CROSBY et al., Appellants.

No. 189, Docket 27811.

United States Court of Appeals
Second Circuit.

Argued Jan. 25, 1963.

Decided March 5, 1963.

See also 24 F.R.D. 15.

O. John Rogge, New York City, for appellant Leo B. Mittelman.

Arnold N. Enker, New York City (Vincent L. Broderick, U. S. Atty., for the Southern District of New York, Sheldon H. Elsen, Asst. U. S. Atty., on the brief), for the United States.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

This is an appeal by Leo B. Mittelman from an order of Judge MacMahon in the Southern District of New York denying his motion, under F.R.Crim.Proc. 35, to correct an alleged illegality in the sentence on the conviction we affirmed in United States v. Crosby, 294 F.2d 928 (2 Cir., 1961), cert. denied, Mittelman v. United States, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962). In view of the painstaking recital of the facts in the cited opinion, there is no need for us to detail these here.

Mittelman was convicted on two counts, Two and Fifty. Judge MacMahon sentenced him to the maximum prison term of five years on each, the sentences to run consecutively; however, the judge suspended the sentence on Count Fifty and directed that at the end of the Count Two sentence Mittelman should be placed on probation for five years. The claim is that the two sentences constitute double punishment for a single offense, a result prohibited by In re Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 (1887), and many other cases. Since the objective was to correct "an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence," Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962), and since relief under F.R.Crim.Proc. 35, unlike 28 U.S.C. § 2255, is not dependent on a right to immediate release if the claim is established, compare Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) (concurring opinion of five justices), resort to Rule 35 was procedurally proper. However, Mittelman did not sustain his claim on the merits.

Count Two of the indictment contained 21 numbered paragraphs. The first paragraph charged that Mittelman and others devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises from stockholders and persons whom they would induce or seek to induce to become stockholders in Texas-Adams Oil Company. Paragraph 2 incorporated Count One of the indictment, in which Mittelman was not involved; paragraphs 3–20 recited various acts done in pursuance of the scheme. Several of these paragraphs referred to use of the mails, and paragraph 21, which differentiated Count Two from Counts Three through Thirty-two, averred the mailing to one Ethel Davis Lake of a report to stockholders dated November 25, 1955, which re-

port was alleged in paragraph 16 to contain false and fraudulent misrepresentations concerning the growth of Texas-Adams since the new management had taken control on September 27. At the end of Count Two reference was made to the mail fraud statute, 18 U.S.C. § 1341, and the aiding and abetting statute, 18 U.S.C. § 2.

With Count Thirty-three the tenor of the indictment changed. Counts Thirty-three through Forty-nine alleged that Mittelman and others [1] unlawfully made use of the mails to sell common stock of Texas-Adams to various persons, "there not then being in effect with the Securities and Exchange Commission a registration statement as to such security." Reference was made in each of these counts to 15 U.S.C. §§ 77e(a) (1) or (2) and 77x. Count Fifty alleged that Mittelman conspired with co-defendants and other persons to violate the registration provisions of the Securities Act, 15 U.S.C. §§ 77e(a) (1) and (2) and 77x, "in the manner and by the means set forth more fully in paragraphs two (2) through five (5) of Count One, and three (3) through twenty (20) of Count Two of this indictment." Some of the overt acts alleged were essentially the same as some of those described in Count Two. Reference was made to the conspiracy statute, 18 U.S.C. § 371.

Relying particularly on Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), Mittelman contends that Counts Two and Fifty charged a single agreement to defraud. The reliance is misplaced. The indictment in Braverman charged, in separate counts, conspiracy to violate seven distinct sections of the internal revenue laws relating to distilled spirits; however, the Government conceded, 317 U.S. at 52, 63 S.Ct. at 101, that "only a single agreement to commit the offenses alleged was proven," and the court held that only a single penalty could be imposed, even though the agreement had

---

1. The "others" included the defendants characterized in our previous opinion as the "broker" defendants, but did not include Crosby.

several illegal objectives. Appellant might come within Braverman if Count Two had charged a *conspiracy* to violate the mail fraud statute.[2] However, Count Two did not allege an agreement, the gist of the offense of conspiracy, 18 U.S.C. § 371, but rather a substantive violation of the mail fraud statute. It is elementary that, with limited exceptions not here relevant, separate sentences may be imposed for violating a criminal statute and for conspiring to violate it. Pinkerton v. United States, 328 U.S. 640, 642–644, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Indeed, this may be done even when the sole evidence of commission of the substantive offense is participation in the conspiracy, which makes the defendant an aider or abettor of the substantive crime. Pinkerton v. United States, supra, at 645–648, 66 S.Ct. at 1183–1184. Pinkerton thus bears *a fortiori* against appellant, who was convicted of substantive violation of one statute and conspiracy to violate another.

▆▆▆ It is of no consequence that the proof of the substantive violation of the mail fraud statute may have disclosed an agreement to perform the violation in concert; what is critical for the permissibility of separate sentences for substantive offenses and for conspiracy is that the former "do not require more than one person for their commission." Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954). The joinder of the various counts in one indictment, F.R.Crim.Proc. 8(a), does not make them one for purposes of punishment. See Hill v. United States, 306 F. 2d 245 (9 Cir., 1962). Finally, appellant is not aided by his citation of Maraker v. United States, 370 U.S. 723, 82 S.Ct. 1573, 8 L.Ed.2d 803 (1962), where defendants who had been acquitted on a conspiracy charge were freed from subsequent prosecution under indictments charging the substantive offenses which constituted the overt acts alleged in the conspiracy case. We are not required to decide whether if Mittelman had first been indicted and convicted only under Count Two, he could thereafter be indicted and tried for the conspiracy charged in Count Fifty; the double jeopardy and due process problems under the Fifth Amendment raised by that question are not present when the counts are joined in a single indictment and trial. See United States v. Sabella, 272 F.2d 206, 211–212 (2 Cir., 1959).

Affirmed.

2. We say "might" because, in contrast to the Government's concession in the Braverman case, the evidence here might have warranted a jury in finding that Mittelman had participated in two separate conspiracies, perhaps involving different groups of co-conspirators, with the separate objectives of violating the mail fraud statute and the registration provisions of the Securities Act. See 317 U.S. at 52, 63 S.Ct. at 101. We are not required to decide this.