John McCUNE, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 18598.

United States Court of Appeals
Sixth Circuit.

Feb. 4, 1969.

John McCune, in pro. per.

Bernard J. Stuplinski, U. S. Atty., Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by John McCune, petitioner-appellant, from an order of the District Court denying a Section 2255 motion to vacate his sentence.

On June 15, 1962, McCune appeared in the United States District Court for the Northern District of Ohio, Eastern Division, and entered a plea of guilty to the robbery of the Cuyahoga Savings Association in violation of Section 2113 (a) and (d), Title 18, U.S.C. Sentence was withheld pending a pre-sentence report. The sentence subsequently received for this offense is not involved in the instant action.

During the interim between the plea of guilty and sentence in the above case an F.B.I. agent interrogated McCune in jail concerning a bank robbery in New Castle, Pennsylvania. McCune confessed to this robbery, signed a waiver for disposition of the case in the District Court for the Northern District of Ohio under Rule 20 and was sentenced to the penitentiary for 15 years. This sentence was to run consecutively to a 15 year sentence received the same day in the

Cuyahoga Savings Association robbery. It is this sentence on the New Castle robbery that is before us on this appeal.

■ The appellant claims that he did not freely, voluntarily, intelligently and competently enter a plea of "guilty" and that he did not "intelligently and competently waive his right to be tried in the State and District wherein the alleged bank robbery occurred, to-wit, the Western District of Pennsylvania".

In support of his claims the appellant alleges in his motion that an F.B.I. agent induced him to confess to a New Castle, Pennsylvania bank robbery that he did not commit, and to sign a waiver of indictment; that the F.B.I. agent advised him that both robberies would be disposed of by one sentence; that his retained counsel was not present at the time he signed the waiver of indictment and agreement for transfer; that he signed the agreement for transfer solely because he was given the impression that his lawyer had sent the F.B.I. agents to the jail for his signature; and that the trial judge did not advise him of his rights or of the consequences of a plea of guilty.

Section 2255, Title 28, U.S.C. provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

The district judge denied the motion for the reason that the files and records of the case conclusively show that the appellant is entitled to no relief.

On July 27, 1962, the appellant appeared before the court on both the Cuyahoga Savings Association and New Castle robberies. His privately retained counsel who had represented him in the Cuyahoga case was with him. This was the appellant's first and only appearance before the court on the New Castle case. A transcript of the record is as follows:

"THE COURT: John, we have an information which has come to us from the Western District of Pennsylvania which relates as follows:

(Information read to defendant)

Now I must ask you, sir, how do you plead?

THE DEFENDANT: Guilty.

THE COURT: A plea of guilty is entered. We will consider this when we consider the other matter we have concerning you when we come to the other part. What we must do this morning, is there any particular information I should know at this time?

MR. STUPLINSKI: I think you have a complete report.

THE COURT: Was any of the money recovered?

MR. STUPLINSKI: No, $19,000 was taken but not recovered.

THE COURT: Was there more than one person involved?

MR. STUPLINSKI: No, McCune was alone.

THE COURT: All right, step aside and we'll call you back.

(After an interval the Defendant reappeared before the court.)

THE COURT: Now I must ask counsel and Mr. McCune directly if there is anything he wishes to say at this time as to why he should not be sentenced?"

Counsel then made a statement in an attempt at mitigation. The court then made a statement concerning the two robberies and said:

"On the Rule 20 case sentenced to 15 years, and the case here in Ohio 15 years, and they shall run consecutively, and that is all, gentlemen."

Inferences of knowledge may be drawn from certain facts shown on the record. The appellant was represented by privately retained counsel; he had entered a plea to a similar charge about five weeks earlier and he does not challenge that plea; he had been in court before and could be presumed to have under-

stood court procedure and he entered the plea himself. The presentence report indicated that the defendant admitted the robbery of the New Castle Bank and that he was willing to enter a plea of guilty under Rule 20. Whether the probation officer got this from McCune, or the F.B.I. agent, is not indicated. However, in consideration of all the facts of this case we do not believe such inferences are conclusive.

So far as the record shows the appellant did not have advice of his retained counsel in the interrogation by the F.B.I. agent, in signing the waiver or in entering the plea of guilty. Rule 20 provides an unusual procedure. It enables a defendant to dispose of an indictment or information in a District other than where the offense occurred— but only by a plea of guilty. So far as the record goes it does not show that the procedure of Rule 20 or its consequences were ever explained to the appellant at the time he was asked to sign the "Consent to Transfer Case for Plea and Sentence". Neither did the trial judge make any explanation to him. It should have been explained to him that if he wished to plead "not guilty" the case would have to be sent back to the Western District of Pennsylvania.

Rule 11 of the Federal Rules of Criminal Procedure provides:

> "The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

According to the transcript of the proceedings before the court there was no compliance with this rule. Five or six questions addressed to the appellant personally at the time of his appearance before the court might have precluded the appellant's motion in this case and this appeal.

Under the circumstances we must remand the case to the District Court with instructions to conduct a hearing.

For the information of the appellant we call his attention to Section 1914(a), Title 28 U.S.C., which provides in part:

> "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $15, except that on application for a writ of habeas corpus the filing fee shall be $5."

■ A motion under Section 2255 is a civil action and the clerk has no choice but to charge a $15.00 filing fee unless by leave of court it is filed in forma pauperis. Why Congress did not include a motion under Section 2255 in the exception with habeas corpus is not a concern of the courts.