**HARRIS**

v.

**UNITED STATES of America.**

**No. 68 Civ. 4575.**

United States District Court
S. D. New York.

Feb. 18, 1969.

**COOPER, District Judge.**

Petitioner, applying *pro se*, moves for an order directing the Clerk of this Court to refund the fifteen dollar fee paid under protest for filing motion 68 Civ. 4574 under 28 U.S.C. § 2255, or in the alternative directing the Clerk to refund ten dollars of the aforesaid fee. Motion denied.

Petitioner asserts two grounds for relief: First, that the Clerk erred in requiring filing pursuant to 28 U.S.C. § 2255, rather than pursuant to Rule 35, F.R.Crim.P., of his motion to vacate and set aside sentence. Second, that the Clerk is not authorized to charge fifteen dollars for filing a motion pursuant to § 2255, and, in any event, that said fee is a denial to petitioner of the equal protection of the laws in violation of the Due Process Clause of the Fifth Amendment.

Petitioner's motion to vacate, which is the subject of the fifteen dollar filing fee, is based on alleged compulsory self-incrimination under the authority of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). This claim of self-incrimination as a bar to prosecution does not attack the legality of the sentence on its face, but rather the conviction underlying it. The Clerk correctly informed petitioner that such claims are appropriate for collateral attack under § 2255, but not for the relatively narrow corrective relief authorized under Rule 35. See United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); United States v. Crosby, 314 F.2d 654, 656 (2d Cir.1963); Duggins v. United States, 240 F.2d 479, 483 (6th Cir.1957); Green v. United States, 274 F.2d 59, 60 (1st Cir.1960); Petro v. United States, 368 F.2d 807, 808 (6th Cir.1966); Smith v. United States, 287 F.2d 270, 273 (9th Cir.1961).

Petitioner's allegation that the Clerk is not authorized to charge fifteen dollars for filing a motion pursuant to § 2255 is erroneous. See 28 U.S.C. § 1914. Similarly without merit is petitioner's contention that the filing fee denies him the equal protection of the laws. He has never averred that he is indigent and unable to pay such costs so as to authorize proceeding in forma pauperis. See 28 U.S.C. § 1915. Thus, petitioner cannot claim discrimination because of economic status. Moreover, the fact that motions filed pursuant to § 2255 carry a fifteen dollar filing fee while habeas corpus petitions carry a filing fee of five dollars, does not constitute an invidious or arbitrary discrimination between two classes of prisoners—state and federal—as alleged by petitioner. Section 2255 is a procedure which must be ex-

hausted by a federal prisoner before seeking relief under federal habeas corpus, but habeas corpus is available to both state and federal prisoners without discrimination as to filing fees. See 28 U.S.C. §§ 2255, 2241, and 1914. The filing fee for motions pursuant to § 2255 is no more significant to this issue than the filing fees required by state courts in the process of exhausting state remedies.

For the reasons set forth above petitioner's motion is denied in its entirety.