**Billy Bertram CARROLL, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

United States District Court,
S. D. Texas,
Houston Division.

Dec. 11, 1970.

Billy Bertram Carroll, pro se.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a convict in the federal penitentiary at Leavenworth, Kansas, has submitted a motion to vacate sentence pursuant to 28 U.S.C. § 2255. He asserts that his plea of guilty to the crime of extortion, which this Court accepted in 1968, was involuntary. It is unnecessary to reach the merits of this contention.

Petitioner requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, thus avoiding the requirement imposed by 28 U.S.C. § 1914(a) upon a party instituting "any civil action" to pay a filing fee of $15.00. In support of his request, petitioner has submitted a form affidavit reciting that he is " * * * an indigent person with personal funds in the amount of $204.90."

A motion under Section 2255 is a civil action and the Clerk of the District Court is required by law to collect the filing fee unless leave to proceed in forma pauperis is granted by the Court. McCune v. United States, 406 F.2d 417 (6th Cir. 1969); Harris v. United States, 299 F.Supp. 385 (S.D.N.Y.1969). Leave to so proceed should not be granted by the Court unless it reasonably appears that the cost of filing would be beyond petitioner's means. See Green v. Cotton Concentration Co., 294 F.Supp. 34 (S.D.Tex.1968). Although indigency for the purpose of proceeding in forma pauperis is a relative concept which is not necessarily synonymous with absolute destitution, Adkins v. E. I. DuPont De Nemours, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), the category of persons entitled to the assistance of Section 1915 would not appear to include this petitioner, whose necessaries of life are provided by the United States and whose liquid assets admittedly exceed the filing fee by some thirteen times.

One salutary function of a filing fee is to dissuade solvent suitors from burdening the public purse with frivolous litigation. Having raised himself above penury, petitioner must now confront the initial dilemma which faces most other potential civil litigants: is the merit of the claim worth the cost of pursuing it?

Leave to proceed in forma pauperis is denied. The Clerk shall send copies of this Memorandum and Order to petitioner and to the United States Attorney for the Southern District of Texas. In accordance with the practice suggested in Martin v. United States, 273 F.2d 775 (10th Cir. 1960), certiorari denied 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816 (1961), the Clerk shall retain one copy of the petition and one copy of the pauper's affidavit for the purpose of the record, and shall return the remainder of the moving papers to petitioner.