**Richard VENABLE, Plaintiff-Appellee,**

v.

**William H. MEYERS, Defendant-Appellant.**

**No. 73-2457.**

United States Court of Appeals, Ninth Circuit.

July 16, 1974.

Howard R. Lonergan, Portland Or., for defendant-appellant.

Richard P. Noble and Raymond J. Conboy, Pozzi, Wilson & Atchison, Portland, Or., for plaintiff-appellee.

Before BROWNING, DUNIWAY and SNEED, Circuit Judges.

OPINION

PER CURIAM:

Appellant, William Meyers, appeals from an adverse judgment entered by the district court *nunc pro tunc* in this diversity action.

Meyers, a self-proclaimed naturopathic physician, operated a health food store in Caldwell, Idaho. He was not legally authorized to dispense prescriptions. In early 1968 he obtained a potent and potentially dangerous prescription medicine from two pharmaceutical concerns, each named Paramount Drug and Supply Company. He repackaged and relabelled the medicine as Wonder Formula 101–102 and sold it as a remedy for arthritis, neuritis and rheumatism. Venable, an Oregon resident, made several mail order purchases of the medicine from Meyers in 1968 and 1969. He brought this diversity action against

Meyers and the two drug companies, claiming that he suffered severe personal injuries from the use of Wonder Formula 101–102.

■ On November 28, 1972, the matter was heard before the district court sitting without a jury. All issues of liability and damage were heard and submitted on that date, and the trial court found Meyers and one of the drug companies liable, but took the question of the other drug company's liability and the issue of punitive damages under advisement.

On December 9, 1972, before the entry of judgment, Venable died. His attorney then filed a motion for entry of judgment *nunc pro tunc* as of the date of trial and submission. Before the district court ruled on the motion, Venable's personal representative reached a settlement with the two drug companies. The trial judge, on March 14, 1973, entered judgment *nunc pro tunc* against Meyers alone, as of November 28, 1972, the date of trial and decision as to liability, with the issue of damages submitted.

On appeal, Meyers first attacks the *nunc pro tunc* judgment as exceeding the trial court's power. His attack is unwarranted. Under the circumstances, the entry of judgment *nunc pro tunc* as of the date all the issues were submitted to the district court was appropriate. Mitchell v. Overman, 1881, 103 U.S. 62, 64–65, 26 L.Ed. 369. See also Harris v. Commissioner, 1950, 340 U.S. 106, 113, 71 S.Ct. 181, 95 L.Ed. 111. We doubt that Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 65, 58 S.Ct. 817, 82 L.Ed. 1188 requires the application of Oregon law as controlling the power of the federal court to enter judgment *nunc pro tunc* in this case. The question presented is predominately procedural, not substantive. Moreover, no Oregon case has been cited to us that would reqire a reversal under Oregon law. Under these circumstances, we defer to the judgment of the district judge, a former Oregon lawyer and judge, as to the Oregon law,

Klingebiel v. Lockheed Aircraft Corp., 9 Cir., 1974, 494 F.2d 345, 347.

■■ Next, Meyers contends the district court improperly denied him leave to appeal in *forma pauperis*. The granting or denial of leave to proceed in *forma pauperis* in civil cases is within the sound discretion of the district court. Torres v. Garcia, 9 Cir., 1971, 444 F.2d 537; Williams v. Field, 9 Cir., 1968, 394 F.2d 329. A review of the affidavit filed with Meyers' motion does not compel a finding that the district court abused its discretion here. Meyers, as is shown by an affidavit filed in this court, gave most of his assets away after this action was filed.

Affirmed.