774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karl A. Buerger, Plaintiff-Appellant,
v.
Richard A. Niehaus, Defendant-Appellee.
 No. 85-3475
 United States Court of Appeals, Sixth Circuit.
 9/19/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: ENGEL, KEITH and KENNEDY, Circuit Judges.
 
 
 1
 On March 8, 1985, plaintiff tendered a pro se civil rights complaint in the district court and requested leave to proceed with the action in forma pauperis In an order filed June 7, 1985, the district court noted that plaintiff had $451.62 in his prison account and denied the motion to proceed in forma pauperis.[1] Plaintiff is now appealing from that decision. He has filed an appellate brief as well as a motion to proceed on appeal in forma pauperis. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and plaintiff's appellate brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 A district court order denying leave to proceed in forma pauperis is final and appealable under 28 U.S.C. Sec. 1291. Roberts v. United States District Court for the Northern District of California, 339 U.S. 844 (1950); Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976). The decision of the district court is reviewable for an abuse of discretion. Venable v. Meyers, 500 F.2d 1215 (9th Cir.), cert. denied, 419 U.S. 1090 (1974), reh. denied, 420 U.S. 939 (1975); Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983).
 
 
 3
 In this case, the district court did not abuse its discretion in denying petitioner's motion to proceed in forma pauperis. A party need not be absolutely destitute in order to proceed in forma pauperis in the federal courts. Adkins v. DuPont Company, 335 U.S. 331, 339 (1948). But courts will refuse to grant pauper status to prisoners bringing civil actions where they have adequate money in their prison accounts to pay the filing fees. See Ward v. Werner, 61 F.R.D. 639 (M.D. Pa. 1974) (amounts of $50 and $60); Smimabuku v. Britton, 357 F.Supp. 825 (D. Kan. 1973), aff'd 503 F.2d 38 (10th Cir. 1974) (amounts of $315.31, $45, $51.27 and $61.41); Carroll v. United States, 320 F.Supp. 581 (S.D. Tex. 1970) (amount of $204.90). Some courts have adopted a different view. In Re Smith, 600 F.2d 714 (8th Cir. 1979) (pauper status granted to prisoner with $65.85 in prison account); Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975) (pauper status granted to prisoner with assets of $50.07 plus a stipend of $7.50 a week). It is noted, however, that these cases involve amounts substantially less than in the present case. Also, the Court in Souder v. McGuire, supra, noted the 'complexity of the legal issues' raised in the issue. The issues presented here are not of the same nature and complexity.
 
 
 4
 The Court concludes that plaintiff's appeal is frivolous and entirely without merit.
 
 
 5
 Therefore, it is ORDERED that plaintiff's motion to proceed on appeal in forma pauperis be denied and the final order of the district court is hereby affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 
 [1]
 Plaintiff's affidavit of indigency is not included in the record on appeal. However, plaintiff does not contest the district court's finding of fact in his appellate brief. In fact, he indicates that his account now amounts to $500