780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
BOBBIE CLINTON BAKER, Plaintiff-Appellant,
v.
CITY OF PARMA, OHIO; FRANCIS N. SZABO, CHIEF OF POLICE; JOHN
DOE, POLICE OFFICER; JOHN ROE, POLICE OFFICER(S),
Defendants-Appellees.
 85-3609, 85-3626
 United States Court of Appeals, Sixth Circuit.
 11/22/85
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: JONES and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motions to proceed in forma pauperis and for a stay pending appeal. The appellant Bobbie Clinton Baker appeals the district court's denial of his request for in forma pauperis status in bringing his cause of action under 42 U.S.C. Sec. 1983. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's informal brief and motions, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Currently, the appellant is incarcerated in an Ohio prison. His Sec. 1983 action is based upon allegations that police officers of the City of Parma illegally arrested him and kept him in jail for three days.
 
 
 3
 Notwithstanding the district court's denial of in forma pauperis status, this Court may exercise its discretion and grant in forma pauperis status on appeal if it deems appropriate. See 28 U.S.C. Sec. 1915. In review of the appellant's affidavit of indigency on appeal, he states that he has $5.89 on account, and through the past twelve months he has received $50.00 as a Christmas gift, and approximately $420.00 from his aunt, and $188.00 from the prison. In addition, he states that he is supporting his wife, son and two step-children. In consideration of his dependents, it appears proper to grant in forma pauperis status for this appeal.
 
 
 4
 Even though in forma pauperis status is appropriate on appeal, it appears the district court did not abuse its discretion in denying in forma pauperis status. According to the information before the district court, the appellant had $22.37 in his prison account and a monthly income of $35.00 from an aunt. He also stated that he expected to receive $14.00 to $18.00 per month for prison employment. Baker claimed that he was not supporting his family while in prison. Under these facts, the district court did not abuse its discretion. See Williams v. Estelle, 681 F.2d 846 (5th Cir. 1982); Ward v. Werner, 61 F.R.D. 639 (M.D. Pa. 1974); Shimabuku v. Britton, 357 F. Supp. 825 (D. Kan. 1973), aff'd on other grounds, 503 F.2d 38 (10th Cir. 1974); Carroll v. United States, 320 F. Supp. 581 (S.D. Tex. 1970).
 
 
 5
 Accordingly, it is ORDERED that the motion to proceed in forma pauperis on appeal is granted. In addition, the motion for a stay pending appeal is denied, and the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.