UNITED STATES of America,

v.

Sidney JONES, et al., Defendants.

No. SSS85 Cr. 1075–CSH.

United States District Court,
S.D. New York.

Oct. 8, 1986.

Rudolph L. Giuliani, U.S. Atty. for S.D. N.Y., New York City (Baruch Weiss, Asst. U.S. Atty., of counsel), for U.S.

Barry Krinsky, Brooklyn, N.Y., for defendant Jones.

Douglas F. Eaton, New York City, for defendant Blackmon.

John McQuigan, Atlanta, Ga., for defendant Roland.

Robert L. Herbst, New York City, for defendant Stephens.

HAIGHT, District Judge:

Counsel for defendant Blackmon has written to the Court under date of September 24, 1986, following conviction but prior to sentence. Blackmon's contentions, if sound, apply in significant part to all defendants, and would impact upon the Court's sentencing power. The Government has written in opposition, letter of October 2, and defense counsel has replied, letter of October 3.

For the reasons which follow, I conclude that Blackmon's contentions are without merit.

*Counts 6 through 20*

Counts 6 through 20 of the third superseding indictment charged all defendants with entering into a single scheme to commit bank fraud, in violation of 18 U.S.C. § 1344. Each count alleged a separate, fraudulently induced withdrawal from a federally insured bank in furtherance of that scheme. The jury convicted all defendants on all counts in which they were named.

Counsel for Blackmon now contends, in Point I, that counts 6 through 20 are multiplicitous; and that in consequence he can be sentenced on only one of those counts.

An indictment is "multiplicitous" when it charges one offense in several counts. *United States v. Lartey,* 716 F.2d 955, 967 (2d Cir.1983). An indictment is "duplicitous" when it charges numerous crimes in a single count. *Id.* at 968.

The Government, relying on Rule 12, F.R.Crim.P., contends that Blackmon and all defendants have waived this objection by failing to raise it before trial. Rule 12(b)(2) requires that "[d]efenses and objections based on defects in the indictment be raised prior to trial." Rule 12(f) then provides:

"Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."

The policy underlying waiver is stated in *Davis v. United States,* 411 U.S. 233, 241, 93 S.Ct. 1577, 1582, 36 L.Ed.2d 216 (1973):

"The waiver provisions of Rule 12(b)(2) are operative only with respect to claims of defects in the institution of criminal proceedings. If its time limits are followed, inquiry into an alleged defect may be concluded and, if necessary, cured before the court, the witnesses, and the parties have gone to the burden and expense of a trial. If defendants were allowed to flout its time limitations, on the other hand, there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial. Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when reprosecution might well be difficult."

While *Davis* arose out of a post-sentence collateral attack asserting discrimination in the composition of the grand jury, its rationale applies—perhaps even *a fortiori*—to pleading defects which, if they exist at all, usually appear on the face of the indictment the grand jury returns.

In the case at bar, it is common ground that no defendant raised prior to trial those objections and contentions counsel for Blackmon now advances, post-conviction and pre-sentencing.

At least in respect of a defendant's objection that an indictment is duplicitous, our circuit has now made it clear that the objection is waived if not made before trial. *Lartey, supra,* at 968 and cases cited. At one time the court suggested that an objection of duplicitous counts would be timely if "raised before trial or, at the least, before verdict." *United States v. Droms,* 566 F.2d 361, 363 (2d Cir.1977) (per curiam); *United States v. Galgano,* 281 F.2d 908,

911 (2d Cir.1960), *cert. denied,* 366 U.S. 967, 81 S.Ct. 1929, 6 L.Ed.2d 1257 (1961). More recently, however, the Second Circuit said in *United States v. Murray,* 618 F.2d 892, 899 n. 8 (1980):

> "Particularly in view of the holding in *Davis v. United States, supra,* 411 U.S. at 243, 93 S.Ct. at 1583, we would be slow to conclude that a Rule 12(b)(2) motion based upon duplicity not made until just prior to submission to the jury is timely."

Waiver is not so clearly applicable to multiplicity, either under Second Circuit authority, or in the nature of the beast: "[m]ultiplicity problems may appear in various forms and may not be apparent until after the government presents evidence at trial," *United States v. Griffin,* 765 F.2d 677, 681 (7th Cir.1985).

In the case at bar, Blackmon's multiplicity contention is that the "allowable unit of prosecution" contemplated by the bank fraud statute, § 1344, "is the act of executing or attempting to execute the scheme." It follows, in counsel's submission, that where as here "the prosecution alleges a single scheme, there can only be one crime under § 1344." Paragraph 14 of the indictment, which lists the several fraudulent transactions, "merely functions as a bill of particulars"; the trial court should enter judgment on only one bank fraud count, and stay judgment on the others. Letter of September 24, 1986 at 1–2.

On the waiver issue, the basis for Blackmon's contention appears on the face of the indictment. It is purely a question of law. Had Blackmon obtained a pre-trial ruling in his favor on the point, presumably the Government could have redrafted the indictment to drop the allegation of a single scheme. Thus an argument for waiver can be made, notwithstanding the *caveats* to which I have referred.

██ Nevertheless, I prefer to address the merits of Blackmon's contention. On the merits it fails.

The bank fraud statute, 18 U.S.C. § 1344, tracks the mail fraud and wire fraud statutes, §§ 1341, 1343. Sen.Rep. 92–225, 98th Cong. 1st Sess. (1983) at 378 ("The proposed bank fraud statute is modeled on the present wire and mail fraud statutes which have been construed by the courts to reach a wide range of fraudulent activity."). It is well established under these predecessor statutes that each use of the mails or use of the wires constitutes a separate offense, "notwithstanding the fact that the defendant may have been engaged in one fraudulent scheme," *United States v. Calvert,* 523 F.2d 895, 914 (3d Cir.1975) (collecting cases); and that consecutive sentences on each separate count may lawfully be imposed even though the counts involve the same scheme, *United States v. Saxton,* 691 F.2d 712, 714–15 (5th Cir.1982). See also *United States v. Benmuhar,* 658 F.2d 14, 20–21 (1st Cir.1981), *cert. denied,* 457 U.S. 1117, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982). The Second Circuit applied these principles at least as early as *Spirou v. United States,* 24 F.2d 796, 797–98 (2d Cir.) (per curiam), *cert. denied,* 277 U.S. 596, 48 S.Ct. 559, 72 L.Ed. 1006 (1928). *Cf. Lartey, supra,* at 967, where a comparable argument was rejected in a drug case: "Courts resolving this issue have uniformly held that separate unlawful transfers of controlled substances are separate crimes under § 841, even when these transfers are part of a continuous course of conduct."

There is no legal impediment to charging, convicting, or consecutive sentencing of these defendants on the bank fraud counts.

*Interaction Between the Statutes Charged in the Indictment*

Blackmon urges two additional limitations on the trial court's sentencing power. Again these arguments, if sound, apply to all defendants. Both depend upon the intent of Congress.

First, it is said that Congress did not intend "additional," that is separate, punishment for wire fraud where, in Blackmon's view, "the wire fraud counts were subsumed within the bank fraud scheme." Letter of September 24, 1986, Point II, at 2.

Second, it is said that "Congress did not intend additional punishment for conspiracy to commit wire fraud where, as here, the conspiracy count was entirely subsumed within the wire fraud and bank fraud charges." *Id.*, Point III, at 5.

■ The Government says the defendants also waived their right to make these arguments by failing to raise them before trial, citing *United States v. Alessi*, 638 F.2d 466, 476 (2d Cir.1980). I accept that in *Alessi* the Second Circuit applied Rule 12(b)(2) waiver as one reason for rejecting a comparable claim of unlawful sentencing, although it was also true that the defendants raised the point for the first time in the court of appeals: "No such claim was asserted in the district court by any appellant." *Id.* at 476. Here Blackmon challenges the trial court's sentencing power prior to sentencing; and it seems to me that he (and all defendants) are entitled to do so. The issue is not so much multiplicitous or duplicitous counts in a single indictment, as it is divining congressional intent where conduct is proscribed by more than one statute. The Supreme Court has recently reminded us: "Congress can be read as allowing charges under two statutes with conviction and sentence confined to one." *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985). The defendant's attack on his sentences in *Ball* appears to have been raised for the first time on appeal, *id.* 105 S.Ct. at 1670. No reference is made to Rule 12(b)(2) or (f). In any event, in the light of *Ball* I do not read *Alessi* as precluding consideration of Blackmon's arguments.

His first contention is clearly without merit. While *Ball* upheld simultaneous prosecution under two federal statutes but required the trial court, in its discretion, to choose one of them for judgment of conviction and sentence, the circumstances were different. Ball was indicted for possessing a firearm in violation of 18 U.S.C. § 922(h)(1), and for receiving it in violation of 18 U.S.C.App. § 1202(a)(1). Construing these statutes and the underlying congressional intent, the Court held that Congress did not intend to submit felons to two convictions where "proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." 105 S.Ct. at 1672 (emphasis in original). The Court arrived at this conclusion *via* its decision in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): to determine whether Congress intended the same conduct to be punishable under two criminal provisions, the appropriate inquiry is "whether each provision requires proof of a fact which the other does not" (quoted in *Ball* at 105 S.Ct. 1672).

■ Blackmon's argument relating to the wire fraud and bank fraud statutes fails under this test because, as the Government correctly observes:

"The wire fraud statute requires the presence of an interstate wire communications, the bank fraud statute does not. The bank fraud statute requires the element obtaining money from a federally insured financial institution, the wire fraud statute does not."

Letter of AUSA Weiss dated October 2, 1986 at 6.

Blackmon's second argument is that a separate punishment cannot be imposed on his conviction for conspiracy on Count 1 of the indictment. For reasons set forth in this Court's post-trial memorandum filed concurrently herewith, the indictment as redacted and given to the jury for decision charged a single objective of the conspiracy: violation of the wire fraud statute. As noted, Blackmon argues that this conspiracy was entirely subsumed within the wire fraud and bank fraud charges, so that he cannot be separately punished for conspiracy.

The closest cited case on the facts is *United States v. Benmuhar*, 658 F.2d 14 (1st Cir.1981), on which the Government relies. Benmuhar conspired with others to commit arson on a warehouse and collect the insurance proceeds. Defrauding the insurers required use of the mails and the wires. Benmuhar was indicted under 18 U.S.C. § 371 for conspiring to violate §§ 1341 (mail fraud), 1343 (wire fraud) and

1952 (the Travel Act). He was also indicted on three additional substantive counts of mail fraud and two counts of wire fraud. Following his conviction on all counts, the district judge imposed consecutive sentences under the first conspiracy count and the second mail fraud count. Benmuhar, in addition to challenging the sufficiency of the evidence against him, appealed from the sentence as violative of the rule in *Blockburger, supra.*

The First Circuit held that there was sufficient evidence to establish that Benmuhar "joined an arson conspiracy, knowing of its essential and illegal character, and committed overt acts in its furtherance." 658 F.2d at 16. The court also considered that the evidence:

"... shows that appellant Benmuhar both directly and vicariously, *see Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed.2d 1489 (1946), participated in devising a scheme to defraud in which use of the mails and interstate telephoning would foreseeably follow in the ordinary course of business." *Id.* at 16–17.

Lastly, the First Circuit rejected Benmuhar's contention that consecutive sentences were unlawful:

"Appellant Benmuhar's consecutive sentencing under the first conspiracy count and the second mail fraud count did not violate *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 U.S. 306 (1932). The first count required the government to prove that appellant agreed to join a conspiracy involving the foreseeable use of the mails, while the second count did not. *See Iannelli v. United States,* 420 U.S. 770, 777 n. 10, 95 S.Ct. 1284, 1289 n. 10, 43 L.Ed.2d 616 (1975). The second required the government to prove that appellant aided in causing the use of the mails for purposes of executing a scheme to defraud, while the first count did not. *See, e.g., Harney v. United States,* 306 F.2d 523, 531 (1st Cir.), *cert. denied,* 371 U.S. 911, 83 S.Ct. 254, 9 L.Ed.2d 1171 (1962). The government's proof was sufficient with respect to each of these distinctions." *Id.* at 20–21.

In the case at bar, Blackmon relies on three Supreme Court cases. The first is *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942). The indictment in *Braverman* contained seven counts, each under the general conspiracy statute alleging a conspiracy to violate a different provision of the internal revenue laws. No substantive crimes were charged. Following defendant's conviction on all counts, the trial judge imposed separate and consecutive sentences. The Court held that "where the jury's verdict is supported by evidence of but a single conspiracy," 317 U.S. at 50, 63 S.Ct. at 100, that "one agreement cannot be taken to be several agreements" for sentencing purposes. *Id.* at 53, 63 S.Ct. at 101.

The second case is *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). *Jeffers* arose under the drug laws. The grand jury returned two indictments against Jeffers. One charged him and nine others with conspiring to distribute drugs in violation of 21 U.S.C. § 846. The other charged Jeffers alone with conducting a continuing criminal enterprise in violation of § 848. In separate trials, Jeffers was convicted of both crimes. The Court construed the narcotics statutes and held that Congress "did not intend to impose cumulative penalties under §§ 846 and 848," 432 U.S. at 157, 97 S.Ct. at 2220. This led to a reduction in the total amount of fines levied against Jeffers; it did him no good on his lengthy prison term.

The third case is *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), which held that defendant's acquittal by the trial judge on a single-count indictment charging him with violation of 18 U.S.C. § 1955 (participating in an "illegal gambling enterprise") barred under double jeopardy principles a subsequent effort to try him on what was in effect the "same offense."

█ I do not consider that *Jeffers* and *Sanabria* are instructive in the present

case. *Braverman* is closer to the mark. The issue is whether Blackmon and the other defendants may be sentenced both for conspiracy under § 371 and the substantive wire fraud and bank fraud violations alleged in the indictment. The Government pleaded in the indictment and argued at trial that all defendants entered into a single scheme to commit wire fraud and bank fraud. If those single schemes be viewed for sentencing purposes as the functional equivalent of a conspiracy, see *United States v. Camiel,* 689 F.2d 31, 35 (3d Cir.1982) ("[A] multi-defendant mail fraud scheme may be analyzed as a conspiracy"), *Braverman* would arguably apply to bar a separate punishment for conspiracy.

The argument is interesting and the Government's argument in opposition rather perfunctory, contenting itself with citing *Benmuhar, supra,* from the First Circuit. But I am persuaded by Supreme Court and Second Circuit authority that a separate sentence for conspiracy may lawfully be imposed in this case.

*United States v. Crosby,* 314 F.2d 654 (2d Cir.1963), involved an appeal against his sentence by defendant Mittelman. Count Two of the indictment charged "that Mittelman and others devised a scheme and artifice to defraud" involving use of the mails, in violation of § 1341. 314 F.2d at 656. Count Fifty "alleged that Mittelman conspired with codefendants and other persons to violate the registration provisions" of the securities laws, in violation of § 371. "Some of the overt acts alleged [in Count Fifty] were essentially the same as some of those described in Count Two." *Ibid.*

The trial judge sentenced Mittelman to consecutive terms of imprisonment on Counts Two and Fifty (although he suspended the execution of sentence on Count Fifty and placed Mittelman on probation, to commence at the end of his incarceration under Count Two). Mittelman appealed from his sentence on the ground that the

two sentences constituted double punishment for a single offense.[1] In the Court of Appeals Mittelman relied primarily upon *Braverman.*

The appeal was heard by Circuit Judges Friendly, Kaufman and Marshall (as he then was). Judge Friendly's opinion rejected Mittelman's argument in these words:

"Relying particularly on *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), Mittelman contends that Counts Two and Fifty charged a single agreement to defraud. The reliance is misplaced. The indictment in *Braverman* charged, in separate counts, conspiracy to violate seven distinct sections of the internal revenue laws relating to distilled spirits; however, the Government conceded, 317 U.S. at 52, 63 S.Ct. at 101, that 'only a single agreement to commit the offenses alleged was proven,' and the court held that only a single penalty could be imposed, even though the agreement had several illegal objectives. Appellant might come within *Braverman* if Count Two had charged a *conspiracy* to violate the mail fraud statute. However, Count Two did not allege an agreement, the gist of the offense of conspiracy, 18 U.S.C. § 371, but rather a substantive violation of the mail fraud statute. It is elementary that, with limited exceptions not here relevant, separate sentences may be imposed for violating a criminal statute and for conspiring to violate it. *Pinkerton v. United States,* 328 U.S. 640, 642–644, 66 S.Ct. 1180, [1181–82], 90 L.Ed. 1489 (1946). Indeed, this may be done even when the sole evidence of commission of the substantive offense is participation in the conspiracy, which makes the defendant an aider or abettor of the substantive crime. *Pinkerton v. United States, supra,* at 645–648, 66 S.Ct. at 1183–1184. *Pinkerton* thus bears *a fortiori* against appellant, who was convicted of substantive

---

1. The fact that the trial judge entered a probationary sentence on one of the two counts did not, of course, moot the point on appeal. *Cf.* *Ball v. United States, supra* (concurrence of sentences does not alter fact that one conviction and sentence may be impermissible).

violation of one statute and conspiracy to violate another.

"It is of no consequence that the proof of the substantive violation of the mail fraud statute may have disclosed an agreement to perform the violation in concert; what is critical for the permissibility of separate sentences for substantive offenses and for conspiracy is that the former 'do not require more than one person for their commission.' *Pereira v. United States,* 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954)." 314 F.2d at 656–67 (emphasis in original; footnote omitted).

*Crosby* is still the law in the Second Circuit. See *United States v. Lord,* 565 F.2d 831, 841 (2d Cir.1977).

*Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), cited by the Second Circuit in *Crosby,* acknowledges that there are "instances where a conspiracy charge may not be added to the substantive charge." 328 U.S. at 643, 66 S.Ct. at 1182. The Court in *Pinkerton* goes on to say:

> "One is where the agreement of two persons is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime."

As I conceive Blackmon's argument, this is the essence of the rule he invokes. But it is not available to him on the facts. *Pinkerton* cites, as an example of what it had in mind, *Gebardi v. United States,* 287 U.S. 112, 121–22, 53 S.Ct. 35, 37–38, 77 L.Ed. 206 (1932). In *Gebardi,* the Court shows that it has in mind:

> "... those decisions which hold, consistently with the theory upon which conspiracies are punished, that where it is *impossible* under any circumstances to commit the substantive offense without cooperative action, the preliminary agreement between the same parties to commit the offense is not an indictable conspiracy either at common law (citing cases), or under the federal statute." 287 U.S. at

121–22, 53 S.Ct. at 37–38 (emphasis added; footnote omitted).

It is of course *possible* to commit wire fraud under § 1343, or commit or attempt to commit bank fraud under § 1344, while acting alone. Therefore this very limited exception does not apply to the case at bar.

The Second Circuit's opinion in *Crosby* seems to me squarely in point. *Crosby* holds that the separate crime of conspiracy may be punished separately from the substantive crime of mail fraud, even where the mail fraud proved at trial consisted of a scheme involving several defendants, and there was an overlap of overt acts evidencing the conspiracy and furthering the scheme. *Crosby* limits the application of *Braverman* to its particular facts: an indictment charging a series of conspiracies, but no substantive offenses. In doing so, *Crosby* presages the First Circuit's later holding in *Benmuhar.* I am cited to no contrary authority.

For the foregoing reasons, I reject the various arguments which Blackmon makes in respect of the Court's sentencing powers.[2]

---

2. The cited letters from Blackmon's counsel also offer arguments as to what sentences should actually be imposed. I will address those arguments, and give the Government an opportunity to respond, at the time of sentencing.