810 F.2d 202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
The KROGER COMPANY, Defendant-Appellee.
Morris MAY, Plaintiff-Appellant,
v.
CHALLENGER COMMUNICATIONS SYSTEMS, INC., Defendant-Appellee.
 Nos. 86-3456, 86-3457.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 1
 Before MARTIN, MILBURN and BOGGS; Circuit Judges.
 
 ORDER
 
 2
 The plaintiff moves to expedite these appeals from the district court's judgments denying pauper status in these employment discrimination cases. The motions to expedite are granted. The appeals are referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff tendered complaints to the district court alleging religious discrimination in employment. Accompanying these complaints were affidavits showing that the plaintiff possessed $520.84 in a bank account. The district court entered judgments denying the plaintiff pauper status in these cases because of the funds available in this bank account.
 
 
 4
 The granting or denying of pauper status is within the discretion of the district court. Venable v. Meyers, 500 F.2d 1215, 1216 (9th Cir.) (per curiam); cert. denied, 419 U.S. 1090 (1974). The standard is abuse of discretion. Id. Here the presence of over $500.00 in the plaintiff's bank account shows that he does not qualify for pauper status. So the district court did not abuse its discretion when it denied pauper status to the plaintiff.
 
 
 5
 In his brief, the plaintiff cites Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2d Cir.1983) (per curiam). There the Court reversed the denial of pauper status to a plaintiff who was on welfare and whose checking account balance was under $60.00. Here the plaintiff's bank account shows over $500.00. This fact distinguishes the present case from Potnick. The district court did not abuse its discretion when it denied pauper status to the plaintiff.
 
 
 6
 The motions to expedite are granted. The judgments of the district court are affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.