810 F.2d 202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Morris MAY, Plaintiff-Appellant,
v.
Earl HALEY, Director of EEOC, Cincinnati Office, Defendant-Appellee.
Morris MAY, Plaintiff-Appellant,
v.
UNITED & COMMERCIAL WORKERS LOCAL UNION NO. 1099, AFL-CIO,
Defendant-Appellee.
 
 Nos. 86-3454, 86-3455.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves to expedite these appeals from the district court's denial of pauper status in these two cases related to religious discrimination in employment. The defendant in case number 86-3454 has filed papers with the Court which have been construed as a motion to dismiss and for damages. The motions to expedite are granted. These appeals are referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff sent complaints to the district court concerning alleged religious discrimination against him because of his Orthodox Jewish faith. These complaints were accompanied by affidavits showing that the plaintiff possessed $520.84 in a bank account. In both cases, the district court entered an order denying pauper status because of the funds.
 
 
 3
 The granting or denying of pauper status is within the district court's discretion. Venable v. Meyers, 500 F.2d 1215, 1216 (9th Cir.) (per curiam ); cert. denied, 419 U.S. 1090 (1974). The standard is abuse of discretion. Id. Here the plaintiff's affidavits indicated that he possessed over $500.00 in a bank account. He was clearly able to pay the filing fees in these cases, and there was no abuse of discretion when the district court denied pauper status.
 
 
 4
 In his motion to expedite, the plaintiff cites cases such as Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin, 510 F.2d 130, 131-32 (7th Cir.1975). That case held that service of summons should be made before considering whether a case is frivolous or malicious when the affidavit of indigency is sufficient. In the present case, the affidavit of indigency was clearly not sufficient to support pauper status. So these facts distinguish the present case from Wartman.
 
 
 5
 In his brief, the plaintiff cites Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2nd Cir.1983) (per curiam ). There pauper status was granted when the plaintiff was receiving welfare and possessed a checking account balance of $60.00. In contrast, in the present case May's bank account is much larger than the bank account of the plaintiff in Potnick. So this case can also be distinguished on its facts.
 
 
 6
 The defendant's motion in case number 86-3454 to dismiss and for damages is denied. The judgments of the district court are affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.