976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Iman VISARRAGA, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary, Secretary of the Navy,
Defendant-Appellee.
 No. 91-16848.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Iman Visarraga appeals pro se the district court's order denying her request to proceed in forma pauperis under 28 U.S.C. § 1915(a) in her Title VII action against the Secretary of the Navy. Visarraga contends that the district court erred by finding that she was not impoverished. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "We review a denial of leave to proceed in forma pauperis for abuse of discretion." O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). The district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, appeal therein, without prepayment of fees ... by a person who makes affidavit that [s]he is unable to pay such costs." 28 U.S.C. § 1915(a). The district court has broad discretion in granting or denying leave to proceed in forma pauperis. O'Loughlin, 920 F.2d at 616; see also Venable v. Meyers, 500 F.2d 1215, 1216 (9th Cir.) (plaintiff's request to proceed in forma pauperis denied where he gave away the majority of his assets after an action was filed against him), cert. denied, 419 U.S. 1090 (1974).
 
 
 4
 Here, Visarraga, who was receiving temporary disability benefits, submitted an affidavit which stated that: (1) she received a total of $2,981.09 dollars from the Department of Labor during the four month period which preceded the filing of her suit; (2) she had $2,186.11 dollars in a savings account and $944.05 dollars in a checking account; and (3) she owned a 1986 Isuzu I-Mark automobile. Her debts and monthly bills totaled $1,431.75 dollars.
 
 
 5
 Visarraga contends that the district court erred because her money went toward late bills and living expenses, leaving her with insufficient funds to pay the court fees. Our review of the record, however, indicates that the district court did not abuse its discretion by denying Visarraga's request to proceed in forma pauperis. See 28 U.S.C. § 1915(a); see also Venable, 500 F.2d at 1216.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Visarraga filed a motion entitled "Motion for Stay of Judgement [sic] for Bill of Cost Pending Appeal." We have examined the motion and now deny it