995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandor SIPOS, dba Sa Si Machine Tools, Plaintiff-Appellant,
v.
William B. WILLIAMSON, Defendant-Appellee.
 No. 92-56427.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandor Sipos appeals pro se the district court's denial of his application to proceed in forma pauperis under 28 U.S.C. § 1915(a) in his action seeking review of a state court judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 "We review a denial of leave to proceed in forma pauperis for abuse of discretion." O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). The district court "may authorize the commencement prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees ... by a person who makes affidavit that he is unable to pay such costs." 28 U.S.C. § 1915(a). The district court has broad discretion in granting or denying leave to proceed in forma pauperis. O'Loughlin, 920 F.2d at 616; see also Venable v. Meyers, 500 F.2d 1215, 1216 (9th Cir.) (plaintiff's request to proceed in forma pauperis denied where he gave away the majority of his assets after action was filed against him), cert. denied, 419 U.S. 1090 (1974) (per curiam).
 
 
 4
 Here, in his application to proceed in forma pauperis, Sipos stated that he receives $1,095 per month in government benefits. Although Sipos stated that he was married with two dependent children, he did not describe the nature or the extent of any of his expenses. The district court found that Sipos had made an inadequate showing of his indigency and that there was no federal jurisdiction to review the case. Given the circumstances, we agree. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986) (district court "has no authority to review the final determinations of a state court in judicial proceedings"). Accordingly, the district court did not abuse its discretion by denying Sipos's request to proceed in forma pauperis. See 28 U.S.C. § 1915(a); see also Venable, 500 F.2d at 1216.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3