995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol OLDEN, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
Carol OLDEN; Kolden K. Gopher, Plaintiffs-Appellants,
v.
CONFEDERATED TRIBES AND BANDS OF the YAKIMA INDIAN NATION;
Yakima County; State of Washington; United States of
America; City of Seattle; Cowlitz Indian Tribe; Norwegian
Ministry; Ford Motor Credit Company, Defendants-Appellees.
 No. 92-36685.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Carol Olden appeals pro se the district court's orders denying her applications to proceed in forma pauperis under 28 U.S.C. § 1915(a) in her actions against the Internal Revenue Service and the Yakima Indian Nation. Olden contends the district court erred by finding that she was not impoverished. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "We review a denial of leave to proceed in forma pauperis for abuse of discretion." O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). The district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees ... by a person who makes affidavit that [s]he is unable to pay such costs." 28 U.S.C. § 1915(a). The district court has broad discretion in granting or denying leave to proceed in forma pauperis. O'Loughlin, 920 F.2d at 616; see also Venable v. Meyers, 500 F.2d 1215, 1216 (9th Cir.) (per curiam) (denying plaintiff's request to proceed in forma pauperis where he gave away the majority of his assets after action was filed against him), cert. denied, 419 U.S. 1090 (1974).
 
 
 4
 Here, in her applications to proceed in forma pauperis, Olden stated that (1) she was receiving $1,152 per month in Social Security benefits for herself and $384 per month for her child, (2) she received approximately $2,500 in child support from June to October 1991, and (3) she had $1,000 worth of family heirlooms. In addition, in her application in case No. CV-92-1286-R, Olden declared that she had part-time employment which paid $5.25 per hour.
 
 
 5
 Olden contends the district court erred by finding she had sufficient funds to pay the court fees. Our review of the record, however, indicates that the district court did not abuse its discretion by denying Olden's request to proceed in forma pauperis. See 28 U.S.C. § 1915(a); see also Venable, 500 F.2d at 1216.[1]
 
 
 6
 AFFIRMED.
 
 
 7
 Moreover, even if Olden could have made a sufficient showing of indigency, the district court correctly dismissed her complaints as frivolous. See 28 U.S.C. § 1915(d); O'Loughlin, 920 F.2d at 616. Olden's action seeking injunctive relief against the Internal Revenue Service, No. CV-92-1040-Z, is barred by the Anti-Injunction Act. See Elias v. Commissioner, 908 F.2d 521, 523 (9th Cir.1990). In case No. CV-92-1286-R, Olden filed an 80-page complaint naming over 50 defendants and alleging racketeering and conspiracy arising from a child custody dispute. The district court did not abuse its discretion by dismissing this complaint as frivolous. See O'Loughlin, 920 F.2d at 616.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Olden's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that the district court correctly denied Olden in forma pauperis status based on her financial resources, we do not reach the issue of whether Olden's complaints were frivolous. See Franklin v. Murphy, 745 F.2d 1221, 1226-27 n. 5 (9th Cir.1984) ("This circuit ... grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint on the grounds that it is frivolous.")