**Iva Mae WILLIS, Plaintiff,**

v.

**Rex SHAW, et al., Defendants.**

**No. 2:96–CV–172.**

United States District Court,
E.D. Texas,
Marshall Division.

April 5, 1999.

---

Charles Everingham IV, Brown, McCarroll & Oaks Hartline, Longview, TX, for plaintiff.

Robert Scott Davis, Cooper, Flowers, et al., Tyler, TX, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs Iva Mae Willis and Jean Jones tried, in July of 1996 (and on two occasions thereafter) to file a power of attorney, Bill of Discovery, Application for Appointment of Administrator, Temporary Restraining Order, and Probate of Estate, all on behalf of Ms. Jones. Ms. Willis, claiming indigency, attempted to file these documents with a pauper's oath attached. The Upshur County Clerk's office, although it filed the power of attorney, refused Plaintiffs' first two attempts to file the other documents. On the third occasion, Defendant clerk Rex Shaw filed the documents and Judge Charles Still (a named defendant) proceeded to hold a hearing on Plaintiff's status as an indigent. After the hearing, Judge Still reached the determination that Plaintiff was not indigent and should, therefore, pay the appropriate filing fee.

Ms. Willis claims that her First Amendment right of access to courts was violated as were the requirements of Rule 145 of the Texas Rules of Civil Procedure. Ms. Willis claims that in regard to her first two attempts to file documents in County Court, County Clerk Rex Shaw, along with Addie Morris and Robin Rodenberg, by failing to file her documents, violated her rights. Ms. Willis also claims that Judge Charles Still of Upshur County, by holding a hearing on her status as an indigent, by rejecting her indigency claim and by requiring her to pay the filing fee, violated her First Amendment rights as well.

**360**

ANALYSIS:

█ Texas law is specific in regard to Affidavits of Inability to Pay, or, as Plaintiffs refer to them, "pauper's oaths." Rule 145 of the Texas Rules of Civil Procedure states, for example, that:

> The affidavit **shall contain** complete information as to the party's identity, nature and amount of governmental entitlement income, nature and amount of employment income, other income, (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses. The affidavit shall contain the following statements: "I am unable to pay the court costs. I verify that the statements made in this affidavit are true and correct." [emphasis added] TEX.R.CIV.P. 145.

Plaintiffs (one of whom, Iva Mae Willis, has already been dismissed), as evidenced by the Affidavits of Inability to Pay attached to Plaintiff's Exhibits: "A" (see p. 5, dated July 1, 1996), "B" (see p. 4 dated July 22, 1996), and Defendant's Exhibit "Shaw # 8" (p. 8, dated February 25, 1997), failed to include the nature and amount of government entitlement income that they earned, the nature and amount of employment income that they earned, any other income they may have earned, whether any spouse's income was available to them, whether they owned any property, whether they possessed cash or checking accounts, dependents, debts, or monthly expenses. Consequently, the Affidavits of Inability to Pay which they attached to their filings failed to comply with Texas law, and particularly with Texas Rule of Civil Procedure 145.

In light of the fact that Plaintiffs' documents failed to comply with Rule 145, County Clerk Rex Shaw's refusal to file Plaintiff's first two submissions violated no law and, by implication, no constitutional right. Assuming that Rule 145 is constitutional, in other words, then Plaintiffs have no claim. Plaintiffs do not appear to be challenging, and indeed have not raised any objection to, the requirements of Rule 145. Instead, they rely on Rule 145 to support their claim. In particular, they cite a section of the rule which states that "[u]pon filing of the affidavit, the clerk shall docket the action," after which point the "defendant may contest the affidavit by filing a written contest." TEX.R.CIV.P. 145. (See Plaintiffs' Response to Defendants' Motion for Summary Judgment, p. 5).

Plaintiffs' assertion that Defendants should have accepted their documents and then filed a written contest reveals a fundamental misunderstanding on Plaintiffs' part of Rule 145. The written contest provision of the rule does not allow parties to expressly violate the requirements of the rule in regard to Affidavits of Inability to Pay. Rather, it allows parties to challenge the claims that are made in such affidavits. In other words, if Plaintiffs had included the requisite information in their affidavits, only then would the clerk be required to file their documents and, only then would the clerk be able to challenge, via a written contest, the claims made in those documents (incidentally, there is evidence that not even Defendant Rex Shaw understands this principal of law, see Dep. Of Rex Shaw, p. 65). As it currently stands, Plaintiffs failed to comply with the requirements of the rule and, consequently, in regard to the first two filings, summary judgment is appropriate.

█ In regard to the third filing, which the clerk did (albeit wrongly), accept, summary judgment should still be granted on the basis of immunity (immunity applies, incidentally, not only to the third filing, but to all the filings, and, consequently, to the entire case). The Supreme Court of the United States has established that certain governmental officials enjoy absolute immunity. *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). These officials include judges. *Stump,* 435 U.S. at 359, 98 S.Ct. 1099 (holding that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"), except in claims regarding injunctive or declaratory relief. *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719,

100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir.1978). Because Plaintiffs' claim is not one for injunctive or declaratory relief, Defendant Judge Still of Upshur County is immune from suit for his refusal, after a legitimate hearing, to accept that Plaintiffs were truly indigent (this refusal came as a part of those functions "normally performed by a judge," and consequently are immune from liability. *Slavin*, 574 F.2d at 1263).

Not only judges, but clerks and their staff also enjoy a certain degree of immunity. Clerks of Court and their staffs, for example, "have absolute immunity from actions for damages arising from acts they are specifically required to do under court orders or at a judge's direction, and only qualified immunity for all other actions." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981). Plaintiffs do not deny that the actions of the Clerk and his staff following the hearing are subject to absolute immunity (see Plaintiff's Response to Defendant's Motion for Summary Judgment, p. 9). However, Plaintiffs maintain that prior to the hearing, the Clerk of the Court and his staff were not protected by either absolute or qualified immunity (See Plaintiff's Response to D's Motion for Summary Judgment, pps. 9–12).

In evaluating a public official's claim of qualified immunity, a two-step inquiry applies. *Vojvodich v. Lopez*, 48 F.3d 879, 886–87; *Gunaca v. State of Texas*, 65 F.3d 467, 473 (5th Cir.1995); *Liberty County Officers Ass'n v. Stewart*, 903 F.Supp. 1046, 1054 (E.D.Tex.1995). First, the court must determine whether the plaintiff has alleged a violation of a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Second, the court must determine whether the constitutional right was clearly established, or, in other words, whether the defendant official's actions were objectively unreasonable. *Gunaca*, 65 F.3d 467 at 474 *citing Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Plaintiffs, in alleging the violation of their First Amendment right to access to courts, have clearly alleged a violation of a constitutional right and, therefore, met the first part of the qualified immunity test. However, it does not appear that Plaintiffs have established that Clerk of the Court Rex Shaw's actions were objectively unreasonable. In fact, based on the express requirements for Affidavits of Inability to Pay, as enumerated in Texas Rule of Civil Procedure 145, which Plaintiffs' themselves rely on, Shaw's actions seem to be eminently reasonable.

Further, it does not seem at all evident that Plaintiffs' constitutional rights were denied them. Although access to courts is a well established right, there is no absolute right to proceed in civil matters without paying a filing fee. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir.1969). In fact, it is a privilege extended only to indigents when the action is not frivolous or malicious. *Startti*, 415 F.2d at 1116. In Texas, this privilege is not denied, but simply limited by Rule 145. Rule 145 provides that, as long as the appropriate information is included with the Affidavit of Inability, then those who are unable to pay filing fees are excused from doing so. Rule 145, in other words, does not abrogate indigents' rights to access to courts, but rather, insures it.

Because it is neither apparent that Plaintiffs' rights were denied them, nor is it apparent that County Clerk Rex Shaw acted unreasonably, then Shaw, along with Addie Morris and Robin Rodenberg, the other named defendants who worked in his office, are protected under qualified immunity. In being protected by immunity, these defendants are joined by Judge Still, who enjoys absolute immunity. Consequently, Defendants' Motion for Summary Judgment valid and is therefore granted on grounds not only of failure to comply with Rule 145, but immunity from suit as well.